BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No.: CR 14 0196 CRB |
| v. | ) UNITED STATES' RESPONSE TO |
| | ) DEFENDANTS' MOTION FOR SEVERANCE |
| KWOK CHEUNG CHOW, et al. | ) |
|     Defendants. | ) Date: September 28, 2015 |
| | ) Time: 9:30 a.m. |
| | ) Court: Honorable Charles R. Breyer |

## I. INTRODUCTION

Defendant Chow moves for disclosure of the location, address, and whereabouts of confidential informants, their production at an *in camera* hearing, and an opportunity for examination by the defense. Chow's Mot. in Limine ("Def.'s Mot.") at 6. For the reasons stated herein, the government respectfully submits that the Court should deny defendant's motion.

## II. ARGUMENT

The government may refuse to disclose the identities of confidential informants to a defendant in the "interest in effective law enforcement." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). In keeping information regarding confidential informants private, the government furthers and protects "the public interest in effective law enforcement," especially if the informant aids in an ongoing undercover investigation. *Id*. The privilege, though limited, "encourages [informants] to perform" the "obligation of citizens to communicate" information regarding commission of criminal activity without apprehension that safety risks that could accompany identity revelation, and thus serves to further substantial governmental interests. *Id*. In evaluating the motion to disclose information about confidential informants, the court should balance competing interests: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure." *United States v. Gonzalo-Beltran*, 915 F.2d 487, 488-89 (9th Cir. 1990); *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985).

Obviously, the protection of a confidential informant becomes less important if the informant will testify at trial. The government has provided to Chow and to other defendants notice of one confidential informant who will testify at trial. Therefore, Chow's motion is mooted as to that individual.

**1. The Request for Disclosure of Information is Immaterial to Defendant's Case**

**A. Defendant Fails to Establish a Relationship Between Defendant's Asserted Defense and**

**Likely Testimony of Informants**

Defendant contends that production of informant information is material and relevant to his ability to defend himself in this case, and that those informants could provide information to demonstrate the government's lack of probable cause. Def.'s Mot. at 6. Not so. The motion relies on mere speculation that, if informants' identities were revealed, they could and would provide potentially exculpatory information about Chow, including details about his activities as a law-abiding and upstanding citizen. *Id*. at 7. Specifically, defendant argues that confidential informants would demonstrate "that Mr. Chow was a law-abiding member of the community and consistently avoided persons and activities that could be deemed illegal, draw negative attention, or contradict the lifestyle that he encouraged and advocated for the youth of the Chinatown community." Def.'s Mot. at 7.

For defendant Chow's speculations to come true, the confidential informants must say that which he believes they will say. A slew of evidence, *see* Pascua Affidavit in Support of Criminal Complaint and Second Superseding Indictment, already exists contrary to defendant's broad contentions that "there was no reason to believe that he was engaged in any criminal activity." *Id*. Defendant Chow has not met his burden and "demonstrated a 'reasonable probability' that the informants will exonerate him." *Gonzalo-Beltran*, at 489. Chow has not met "the burden of demonstrating the need for disclosure of a confidential informant's identity," which requires "more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' or will be essential to a fair trial." *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993); *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). In short, defendant Chow only speculates about what any confidential informant might possibly state about him and has not met the treshhold for further inquiry by the Court.

In his motion, defendant distracts the Court through irrelevant argument regarding the credibility of non-testifying informants. Chow paints a picture of informants convicted of drug trafficking and fraud, bribed by government officials to provide information. *Id*. at 3-6. For example, he states that

"CHS #1 cooperates with the government in exchange for case consideration" and that "CHS #4 has provided law enforcement with information in exchange for (presumably monetary) compensation." *Id.* at 3-4. He continues to make similar allegations regarding all eleven informants' personal backgrounds and speculates about their reasons for providing information presumably helpful the FBI. *Id.* at 3-6. He comments on how CHS #7's statements, deemed reliable, were nothing more than a piece in the FBI's ongoing attempt "to try to paint Chow guilty." *Id*. at 5. Because CHS #10 was unable to gain recorded evidence that Mr. Chow threatened him, defendant alleges he is unreliable. *Id.* at 6.

Defendant engages in a smear campaign aimed at attacking the character of confidential informants to try to get the court to disbelieve information they provide. But that is not the issue at hand. Federal Rule of Evidence 608 forbids an attack on an informant's character to discredit truthfulness until "after the witness's character for truthfulness has been attacked." Fed. R. Evid. 609 only provides for impeachment through prior conviction if a witness testifies. That a confidential informant might have some basis to question his/her credibility is nothing new and is unremarkable. Such information becomes discoverable and admissible under *Giglio* only if the individual testifies at trial and none of that information is truly exculpatory as to defendant Chow, it is only impeaching of individuals who will not testify. Furthermore, defendant Chow is aware of the credibility flaws of some of the informants because **the government properly disclosed** those matters to the Court reviewing the applications for wiretap interceptions. Like in *Sai Keung Wong*, here "[t]here is no indication that the informant could have provided any testimony that would have helped the defense establish outrageous government conduct, entrapment, or lack of knowledge." *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989).

### B. Confidential Informant Identities are Immaterial to Defendant's Case because They Are Not the Only Sources of Facts Material to Case

Though defendant cites that disclosure and production of informant identities must follow a showing that information would be "relevant and helpful" to at least one defense, he misuses *Roviaro* to

claim entitlement to speculative information. *Roviaro*, 353 U.S. at 60. *Roviaro* considered the defense's strong interest in revealing confidential information where the informant was the sole witness, other than the petitioner himself, who could provide accurate information regarding a drug deal. *Id*. at 64; *see United States v. Hernandez*, 608 F.2d 741, 745 (9th Cir. 1979). Defendant overstates the importance of confidential informant identities in this case; such information is not "material either to guilt or to punishment" in this case. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Facts, rather than confidential informant identities, will determine the eventual outcome of Mr. Chow's case, and knowledge of informants' identities and whereabouts are irrelevant to determining whether informants spoke truthfully to the government or not.

Eleven people served as confidential informants in this case, as opposed to the one witness in *Roviaro*. *See Roviaro*, 353 U.S. at 64. The facts in this case are therefore far from those in *Roviaro*, in which only one person had "material information of the key evidence admitted against the defendant." *Sai Keung Wong*, 886 F.2d at 256; *see also Roviaro*, 353 U.S. at 64. Additionally, the confidential informants in this case were not percipient witnesses to the charges against Chow, with the possible exception of the informant who was disclosed to the defendants. Other informants provided background information or information regarding activities that will not be part of the government's evidentiary presentation.[1]

Similarly, defendant improperly cites *Amador-Galvan*, in which the defendant provided sufficient basis for learning the identities of confidential informants in an *in camera* hearing. *Amador-Galvan*, 9 F.3d at 1417. The defendants' showing in *Amador-Galvan* that informants "could have provided evidence weakening the Government's case" tipped the scales in their favor because they demonstrated that one of the informants could have provided evidence weakening the assumption upon

---

[1] The government can think of one exception to this statement, but the sole event that informant witnessed was not charged as a substantive crime and was also witnessed by an undercover agent. The government can provide more information regarding the single event to the Court ex parte and in camera if the Court wishes.

USA OPP. TO DEFENDANTS' MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS
CR 14-196 CRB                                              4

which the "theory of prosecution hinge[d]." *Id.* Rather than requesting undisputed eyewitness information, defendant in this case suggests only that informants provided false information during the course of the investigation and the applications for wiretaps, and that his own examination of them will provide the truth.

### 2. The Request for Disclosures Undercuts Confidential Informants' Safety

In determining whether to reveal confidential informants' identities, the court must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. Defendant's interest in obtaining information regarding the informants' identities is unsubstantiated, as discussed above, because it is not helpful or essential to a fair determination of the case, but the government has a strong interest in maintaining confidentiality. As defendant notes, the government must "make a proper showing of danger," and it has in numerous prior briefs regarding disclosures of the true identities of undercover agents. In short, defendant Chow made numerous recorded pronouncements that those who went against him or did him harm would be retaliated against with violence by others because of who Chow was. One individual, Jim Tat Kong, whose activities offended Chow caused Chow to approve of his murder and to solicit co-defendants to commit his murder. Chow reveled in the murder of Mr. Kong when it eventually occurred. See description of facts in Govt.'s Opposition to Mot. in Limine to Preclude Murder of Jim Tat Kong.

The "basic rule" for protecting the identity of the confidential informant rests upon the belief "that the informer is a vital part of society's defensive arsenal." *McCray v. Illinois*, 386 U.S. 300, 306 (1967), (quoting *State v. Burnett*, 42 N.J. 377, 385 (1964)). In a case such as Mr. Chow's case, involving organized crime, illegal firearms, solicitation of murder, murder for hire, and threats against cooperating individuals, the defensive arsenal touches a substantial portion of society and implicates numerous individuals in the process. The charges against defendant Chow are such that, were informants' identities released the danger to livelihood and safety of the informants is very real.

The *Burnett* court – quoted by the Supreme Court in *McCray* – expressed concern about allowing the defendant to demand disclosure, stating that it would open the floodgates to "every defendant" looking to detract from facts adverse to their case with "nothing to lose" and a large prize to

gain. *Burnett*, 42 N.J. at 385. A defendant may not seek to avoid "the untarnished truth" through such a motion. *Id*. at 386. Because of the difficulty of determining defendant's reasoning for requesting information, a court would need to assume good faith and grant the motion as a condition. *Id.* For these reasons, a defendant must make a strong showing in request for disclosure of confidential information, and such showing must be balanced against the government's interests.

The government, on the contrary, gains much from keeping informants' identities confidential. Not only does "[r]evelation of the dual role played by such persons end[] their usefulness to the government and discourage[] others from entering into a like relationship," but the government's privilege to do so is also "'well established, and its soundness cannot be questioned.'" *McCray*, 386 U.S. at 309. The government's confidentiality privilege has "consistently" been upheld, especially "in a preliminary hearing to determine probable cause for an arrest or search." *Id*. at 312.

Misuse of *Smith* leads defendant to claim right to information such as the location of an informant. *Smith*, however, allowed disclosure of the address of a testifying witness during cross-examination rather than through a motion for discovery of an informant not testifying at trial. *See Smith v. Illinois*, 390 U.S. 129, 131 (1968). Whereas a witness agrees to testify under oath, on the stand, confidential informants here worked with a belief that their identities, including personal information such as their addresses would remain private after sharing information with the FBI, unless absolutely necessary to disclose.

Defendant cites *United States v. Anderson*, 504 F.2d 724, 727 (9th Cir. 1974) to say that "this is precisely the type of case for the Court to exercise this discretion and permit his counsel's presence *in camera*," even though *Anderson* discussed how it is distinguishable from *Roviaro* and *McCray*, and therefore also this case, in that "Anderson purport[ed] to seek not [the names of confidential informants] but only the underlying circumstances which made their conclusions seem reliable to the governmental agents." Even within the circumstances of *Anderson*, where defendant did not seek informant names, much less location, address, and whereabouts of informants, the government still retained its privilege to keep informant identities confidential. *See Anderson*, 504 F.2d at 727. This is not a case where defendant has made a sufficient showing for disclosure of the identities of the informants or to cause the Court to conduct an in camera hearing with or without the presence of counsel.

USA OPP. TO DEFENDANTS' MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS
CR 14-196 CRB                                    6

In the event that the Court seeks to conduct an in camera hearing regarding the informants, and the government believes that defendant Chow has not come close to establishing a need for such a hearing, the government respectfully submits that defendant's counsel should not be present. The Court is perfectly capable of assessing whether any informant does or does not have exculpatory information. Furthermore, counsel for Chow have not been amenable to complying with the Court's prior orders regarding dissemination of protected information and, in the judgment of the government, are not amenable to orders regarding "attorneys eyes only."

### III.   CONCLUSION

In light of the foregoing, the government hereby respectfully submits that the Court should deny defendants' motion for disclosure. The request for disclosure is not only immaterial to defendant's case but would also be dangerous for the confidential informants and for the future of covert law enforcement operations.

DATED: September 18, 2015              Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
WILLIAM FRENTZEN
SUSAN E. BADGER
S. WAQAR HASIB
Assistant United States Attorneys