# EXHIBIT 17

# (To be filed under seal)

Government's Exhibit

ORIGINAL
FILED

APR 03 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNDERSEAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

No.

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS ON CELLULAR TELEPHONES ▇▇▇▇ AND ▇▇▇▇▇▇ , AND THE OBTAINING OF GPS PRECISE LOCATION INFORMATION FOR THE SAME TELEPHONES, AND INTERCEPTION OF WIRE COMMUNICATIONS ON TELEPHONES ▇▇▇▇ AND | ORDER AUTHORIZING INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS AND OBTAINING OF GPS LOCATION INFORMATION<br><br>**FILED UNDER SEAL** |

Application under oath having been made before me by William Frentzen, an Assistant United States Attorney for the Northern District of California, an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and an attorney for the government as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure, for an order authorizing the interception of wire and electronic communications and the obtaining of global positioning system (herein "GPS") precision location information, and full consideration having been given to the matters set forth therein, the Court finds:

1.    The Application is made pursuant to the authority of Deputy Assistant Attorney General Paul O'Brien, a specially designated representative of the Attorney General of the United States, and therefore satisfies the dictates of 18 U.S.C. § 2516(1).

2.    There is probable cause to believe that the following individuals: Keith JACKSON ("JACKSON"), ███████████████, California State Senator Leland YEE ("YEE"), ██████████████████████████████████████, Brandon JACKSON ("Brandon JACKSON"), Marlon SULLIVAN ("SULLIVAN"), Kwok Cheung CHOW, a/k/a Raymond Chow, a/k/a Shrimp Boy, a/k/a Ha Jai ("CHOW"), ████████████████████ ████████████████████████████ ████████████████████████████████ ████████████████████████████ Barry HOUSE, a/k/a Black ("HOUSE"), and ██████████████████, and others whose identities are presently unknown (collectively, the "Target Subjects and Interceptees"), have committed, are committing, and will continue to commit violations of one or more of the following federal felony offenses enumerated in 18 U.S.C. § 2516 (the "Target Offenses"), that is:

(a)    mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343, and 1346;

(b)    money laundering, in violation of Title 18, United States Code, Section 1956;

(c)    violations of the Travel Act, in violation of Title 18, United States Code, Section 1952;

(d)    conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846;

(e)    distribution of controlled substances, in violation of Title 21, United States Code, Section 841;

(f)    use of communication facility to commit or facilitate narcotics offense, in violation of Title 21, United States Code, Section 843(b); and

(g)    unlawful engaging in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1); and

(h)    interstate transportation of stolen property, in violation of Title 18, United States Code, Section 2314.

3.    There is probable cause to believe that particular wire and electronic communications of the Target Subjects and Interceptees concerning the offenses described above, will be obtained through the interception of wire and electronic communications requested in this application.  Specifically, there is probable cause to believe that the cellular telephones bearing the following identification described in further detail below:

**Target Telephone 1**
Suspected Primary User:  Keith JACKSON
Call Number:
IMSI/IMEI:
Provider: T-Mobile
Subscriber:

San Francisco, CA 94109

**Target Telephone 2**

Suspected Primary User: Senator Leland YEE
Call Number:
MEI:
Provider: Verizon
Subscriber:

San Francisco, CA 94121

SEALED ORDER

1
2
3    Target Telephone 3
4    Suspected Primary User: Leland Yee
     Call Number:
5    Provider: AT&T
     Subscriber:
6    Located at:
     San Francisco, CA 94122
7

8    **Target Telephone 4**
9    Suspected Primary User: Leland Yee
     Call Number:
10   Provider: AT&T
     Subscriber:
11   Located at:
     San Francisco, CA 94122
12

13   (herein "**Target Telephones**") are being used to commit the Target Offenses.  There is also

14   probable cause to believe that the obtaining of precision location information of the **Target**

15   **Telephones 1 and 2** will constitute or lead to evidence of the Target Offenses. In particular:

16        a.    There is probable cause to believe that the **Target Telephones** have been, are

17              now, and will continue to be used to commit the Target Offenses;

18        b.    There is probable cause to believe that the **Target Telephones** have been, are

19              now, and will continue to be used by the Target Subjects and Interceptees in

20              connection with the commission and attempted commission of the Target

21              Offenses; and

22        c.    There is probable cause to believe that particular wire and electronic

23              communications of the Target Subjects and Interceptees and others as yet

24              unknown, concerning the Target Offenses, will be obtained through the

25              interception of wire and electronic communications requested in this Application.

26              In particular, the wire and electronic communications are expected to identify,

27              among other things:

28

SEALED ORDER                                        4

(i) the nature, extent and methods of operation of all of the Target Subjects'
scheme to commit the Target Offenses;

(ii) the identity of all of the Target Subjects' accomplices, aiders and abettors,
co-conspirators and participants in their commission of the Target Offenses;

(iii) the receipt and distribution of all contraband and money involved in the
Target Offenses;

(iv) the locations and items used in furtherance of the Target Offenses;

(v) the existence and locations of all records relating to the Target Offenses;

(vi) the location and source of all resources used to finance the Target Offenses;
and

(vii) the location and disposition of all of the proceeds from the Target Offenses.

4.     Traditional investigative techniques have been tried and have failed. Additional
efforts to employ normal investigative techniques reasonably appear unlikely to succeed in the
future, or to be too dangerous to utilize, and they reasonably appear unlikely to reveal the full
scope of the unlawful activities, the roles of the individuals involved, or the identities of other
participants.

5.     This Order authorizes the interception of wire and electronic communications on
**Target Telephones 1 and 2** in connection with the pending investigation of violations of the
Target Offenses.  This Order also authorizes the interception of wire communications on **Target
Telephones 3 and 4** in connection with the pending investigation of violations of the Target
Offenses.  Pursuant to Rule 41 of the Federal Rules of Criminal Procedure, this Order also
authorizes the obtaining and use of GPS precision location information for **Target Telephones 1
and 2**.

WHEREFORE, IT IS HEREBY ORDERED that Special Agents of the Federal Bureau of
Investigation ("FBI") and other federal and specifically designated local law enforcement
officers, as well as language specialists employed by the FBI, are authorized, pursuant to an
application authorized by a duly designated official of the Criminal Division, United States
Department of Justice, pursuant to the power delegated to him by special designation of the

Attorney General and vested in the Attorney General by 18 U.S.C. § 2516, to intercept the wire and electronic communications of the Target Subjects and Interceptees on **Target Telephones 1 and 2** and wire communications of the Target Subjects and Interceptees on **Target Telephones 3 and 4** concerning the Target Offenses listed above.  Pursuant to 18 U.S.C. § 2518(5), such interception shall not terminate automatically after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which reveal fully the manner in which the interceptees and others as yet unknown are committing the offenses described herein, the manner in which the interceptees and others as yet unknown participate in the specified offenses; the level of involvement and the identity of all coconspirators and aiders and abetters who are acting in concert with the interceptees of this application; and the precise nature and scope of the illegal activities and conspiracy as described above, or for a period of 30 days measured from the earlier of the day on which the investigative or law enforcement officers first begin to conduct the authorized interception, or ten days after the date this Order is signed by the Court.

IT FURTHER APPEARING THAT, during the course of the interception, the service provider may change:

IT IS FURTHER ORDERED that this Order is binding on any domestic USA service provider providing wire and electronic communications service to the **Target Telephones** without further order of this Court upon service of a certified copy of this Order.

IT IS FURTHER ORDERED that T-Mobile, Verizon, AT&T, or any subsequent service providers as defined in 18 U.S.C. § 2510(15), shall notify the applicant immediately if and when the Device Number/ESN/IMSI/MEID, or the telephone number for the **Target Telephone** is supplied to another service provider.

IT IS FURTHER ORDERED that in the event that the service provider for the **Target Telephone** changes during the course of the interception, interception may continue with the new service provider without further order of this Court upon service of a certified copy of the

1    Court's Order.[1]  The United States will advise the Court of the change of service provider in the

2    periodic progress reports submitted to this Court.

3        IT IS FURTHER ORDERED that the authorization given during this 30-day period shall

4    apply not only to the telephone number listed above for the **Target Telephones**, but to any

5    changed telephone number(s) or other telephone number(s) subsequently assigned to or used by

6    the instrument(s) bearing the same IMEI numbers listed above, or to any new IMEI number(s)

7    assigned to the telephone number listed above for the **Target Telephones**.  It is further ordered

8    that the authorization to intercept wire communications apply to background conversations

9    intercepted through the **Target Telephones** while the **Target Telephones** are off the hook or

10   otherwise in use.  It is further ordered that the authorization to intercept the wire and electronic

11   communications of the Target Subjects and Interceptees occurring on the **Target Telephones**

12   apply to voice-mail messages intercepted as they are left or retrieved.  It is further ordered that

13   the authorization to intercept the wire communications of the interceptees occurring over the

14   **Target Telephones** apply to any push-to-talk communications.  The authorization given is

15   intended to apply not only to the numbers for **Target Telephones 3 and 4** listed above, but to

16   any changed telephone numbers assigned to the same cables, pairs and binding posts used by the

17   landline **Target Telephones 3 and 4**, within the thirty (30) day period.  The authorization is also

18   intended to apply to the **Target Telephone** numbers regardless of the service provider and to any

19   background conversations intercepted in the vicinity of the **Target Telephones** while the

20   telephones are off the hook or otherwise in use.

21       IT IS FURTHER ORDERED that, because of the inherent mobility of **Target**

22   **Telephones 1 and 2**, and pursuant to 18 U.S.C. § 2518(3), in the event that **Target Telephones**

23   **1 and 2** move outside the territorial jurisdiction of this Court, the Northern District of California,

24

25

26       [1]  This order remains effective in the event that the **Target Telephones** are transferred to
27   another carrier pursuant to "Local Number Portability," which allows a telephone user to change
     his telephone company but still keep the same telephone number.  However, such transferred
28   effect of the order will apply only if the **Target Telephones** are transferred (i.e. "ported") to
     another telephone carrier, and the telephone number and subscriber information remain the same.

1    interceptions may still take place in the Northern District of California where interceptions will

2    first occur and be minimized.

3        IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2518(5), the period of

4    authorized interception set forth in the order runs from the earlier of the day on which the

5    investigative or law enforcement officer first begins to conduct the authorized interception or ten

6    days after the Order is signed by the Court.

7        IT IS FURTHER ORDERED that, based upon the request of the applicant, pursuant to 18

8    U.S.C. §§ 2703, 3122 and 3123, T-Mobile, Verizon, AT&T, the telephone service providers for

9    the **Target Telephones**, and any other related provider of wire and electronic communications

10   services as defined in 18 U.S.C. § 2510(15), shall provide the following services concerning the

11   **Target Telephones**, if available: caller I.D., speed dialing, call waiting, reverse number searches,

12   historical cell site information,[2] toll records, and related information as described above, pen

13   register data and trap and trace extended digit-dialed data, direct connect/digital dispatch ("Push

14   to Talk") services, three-way calling, and all other services. These services are to be provided to

15   the government on an "as needed basis" to be determined by FBI.

16       IT IS FURTHER ORDERED, based upon the request of the Applicant pursuant to 18

17   U.S.C. 2518(4) and 18 U.S.C. § 2518(5), that T-Mobile, Verizon, AT&T, and any related wire

18   and electronic communication service providers as defined in 18 U.S.C. § 2510(15), shall furnish

19   and continue to furnish T-Mobile, Verizon, AT&T, with all information, facilities, and technical

20   assistance necessary to accomplish the interceptions unobtrusively and with a minimum of

21   interference with the services that such service providers are according the persons whose

22   communications are to be intercepted, and to ensure an effective and secure installation of

23   electronic devices capable of intercepting wire communications over the above-described

24   telephone facilities. T-Mobile, Verizon, and AT&T may use all necessary and reasonable means

25   to carry out the requested interception. The service providers furnishing such facilities or

26   technical assistance shall be compensated by the applicant for reasonable expenses incurred in

27

28       [2] This includes the physical address of the cell sites and sectors and corresponding
     antenna information used to identify the location of Target Telephones 1 and 2.

SEALED ORDER                                    8

providing such facilities or assistance.  The switch mechanisms which allow law enforcement to receive audio shall be programmed within four business hours of receipt of the Court's Order.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 2703(c) and (d), T-Mobile, Verizon, AT&T, , and any related wire and electronic communications service providers as defined in 18 U.S.C. § 2510(15), shall disclose to FBI all published and non-published subscriber records and other information (including toll records) relevant to this investigation, that is, all such information pertaining to telephone numbers associated with telephones, digital display devices, and mobile telephones utilized, if any, which may be requested in furtherance of this investigation, within 24 hours of said verbal or written request, and, provide these records and information electronically, when requested.  Such information shall include, but not be limited to, subscriber date of birth, driver's licenses (state of issuance and number), social security number, available contact names and numbers, employment information, all telephone numbers listed to subscribers under the same or different account, method of payment, length of service, periods of telephone activation, account and billing information, and incoming and outgoing toll information (both historical and ongoing), including direct connect/digital dispatch ("Push to Talk") services and call detail.  It is further ORDERED that, when requested, the service provider shall provide toll information for up to the preceding 90 days.  Based upon the specific and articulable facts set forth in the affidavit attached to the application referenced above, there are reasonable grounds to believe that the records and other information to be sought are relevant and material to the ongoing criminal investigation, in that the records and other information will assist law enforcement personnel in fully identifying the named interceptees, their co-conspirators and associates, and in identifying locations used by the organization to conduct its unlawful activities.

IT IS FURTHER ORDERED that the furnishing of said information, facilities, and technical assistance by T-Mobile, Verizon, and AT&T, shall terminate after 30 days measured from the earlier of the day on which the investigative or law enforcement officers begin to conduct the interception of wire communications pursuant to this Order, or ten days from the date this Order is signed by the Court, unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 41, that FBI agents may obtain and use global positioning system ("GPS") precision location information to monitor the precise physical location of **Target Telephones 1 and 2**, including but not limited to data indicating the specific latitude and longitude, or other precise location information of **Target Telephones 1 and 2** for a period of thirty days. There is probable cause to believe that the precise location of **Target Telephone 1 and 2** at times determined by investigators will constitute or lead to evidence of the Target Offenses.

IT IS FURTHER ORDERED that the warrant for the precise location information be returned to the issuing judicial officer within ten days after the termination of the execution of the Order.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rules of Criminal Procedure 41(f)(3), delay of the notification of the acquisition of geolocation information is authorized until such time as the inventory required under Title 18, United States Code, Section 2518(8)(d) is served.

IT IS FURTHER ORDERED, to avoid prejudice to this criminal investigation, any individuals shall not disclose or cause a disclosure of this Court's Order, the request for information, facilities, and assistance by the FBI, or the existence of the investigation to any person other than those agents and employees of the FBI (including employees of state and local task forces) who require this information to accomplish the requested interceptions.

IT IS FURTHER ORDERED that this Order shall be executed as soon as practicable after it is signed and that all monitoring of wire and electronic communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18 of the United States Code.

IT IS FURTHER ORDERED that the interception of wire and electronic communications authorized by this Court's Order must terminate upon attainment of the authorized objectives or, in any event, at the end of 30 days from the date of this Order, measured from the earlier of the

1   day on which the investigative or law enforcement officer first begins to conduct an interception
2   or ten days after the Order is signed by the Court.

3   IT IS FURTHER ORDERED that monitoring of wire and electronic communications
4   must terminate immediately when it is determined that the communications are unrelated to
5   communications subject to interception under 18 U.S.C. Chapter 119.  Interception must be
6   suspended immediately when it is determined through voice identification, video surveillance,
7   physical surveillance, or otherwise, that none of the named Target Subjects and Interceptees or
8   any of their confederates, when identified, are participants in the communication, unless it is
9   determined during the portion of the conversation already overheard that the conversation is
10  criminal in nature. If the communication is minimized, the monitoring agent shall spot check to
11  ensure that the conversation has not turned to criminal matters.  Special attention will be given to
12  the minimization of all federally-recognized privileges.

13  IT IS FURTHER ORDERED that permission is granted to utilize delayed minimization
14  as authorized by the provisions of 18 U.S.C. § 2518(5) for interceptions in foreign or coded
15  language.  In the event that the intercepted communication is in a code or foreign language, and
16  an expert in that foreign language is not reasonably available during the period of interception,
17  minimization shall be accomplished as soon as practicable after such interception.

18  IT IS FURTHER ORDERED, that pursuant to 18 U.S.C. § 2518(5), and its provisions for
19  specialized minimization procedures when intercepting foreign language or coded
20  communications, the following minimization procedures be established:

21  a.   Should foreign language translators not be reasonably available to minimize
22       communications on the spot, all such communications will be intercepted and
23       recorded in their entirety;
24  b.   In the event the translator is not a federal agent, the translator, whether he/she is a
25       foreign language-trained support employee or under contract to the government,
26       will be under the supervision of a federal agent; and
27  c.   Communications monitored by the translator under the supervision of a federal
28       agent will be minimized by the translator, and an English translation of the

pertinent criminal communications will be furnished to the supervising federal agent.

IT IS FURTHER ORDERED that with respect to electronic communications in particular (i.e. text messages), all monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code. Each text message will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal in nature. If the message is not criminal in nature, the message will be marked "minimized" and not accessed by other members of the investigative team. If the message appears to be privileged, it will be marked "privileged" and secured from access by other members of the investigative team. If a text message appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "non-minimized" and may be shared with the other agents and monitors involved in the investigation. If a text message is marked "minimized" or "privileged," it will not be disseminated to members of the investigative team. All intercepted text messages will be sealed with the court upon the expiration of the court's order authorizing the interception.  It is anticipated that the monitoring location will not be staffed at all times, but will be staffed at regular hours, at which time intercepted communications will be monitored and read (including those intercepted at hours when the location was not staffed). However, even when unmanned, the monitoring location will be kept secured with access limited to only authorized monitoring personnel and their supervising agents.

IT IS FURTHER ORDERED that Assistant United States Attorney William Frentzen, or any other Assistant United States Attorney familiar with the facts of the case, provide the Court with a report on or about the 15th day following the date law enforcement officers first begin to conduct interception pursuant to the Court's Order showing what progress has been made toward achievement of the authorized objectives and the need for continued interception.  If this report should become due on a weekend or holiday, it is ordered further that such report become due on the next business day thereafter.

SEALED ORDER                                    12

1    IT IS FURTHER ORDERED that this Court's Orders, the Application, the accompanying

2    Affidavit, minimization instructions, all periodic reports filed with the Court with regard to this

3    matter, and all other related documents be sealed until further order of this Court, except that

4    copies of the Orders, in full or redacted form, may be served on FBI and on others as necessary to

5    effectuate the Court's Orders.

6

7    DATED April 3, 2013

8

9    TIME: 11:00 a.m.

10                                                    HON. CHARLES R. BREYER
                                                     United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 18

# (To be filed under seal)

Government's Exhibit

ORIGINAL
F I L E D

MAY 09 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED
BY COURT ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CR No. 13   90 399 MISC

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES FOR AN ORDER
AUTHORIZING THE INTERCEPTION
OF WIRE AND ELECTRONIC
COMMUNICATIONS ON ███████
█████ WIRE COMMUNICATIONS ON
████████, AND WIRE AND
ELECTRONIC COMMUNICATIONS
ON ███████████ AND THE
OBTAINING OF GPS PRECISE
LOCATION INFORMATION FOR
THE SAME TELEPHONES

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER AUTHORIZING INTERCEPTION
OF WIRE AND ELECTRONIC
COMMUNICATIONS AND OBTAINING
OF GPS LOCATION INFORMATION

**FILED UNDER SEAL**

CRB

RICHARD W. WIEKING
CLERK, U.S. District Court
Northern District of California

5/9/13

SEALED ORDER

1

Application under oath having been made before me by S. Waqar Hasib, an Assistant United States Attorney for the Northern District of California, an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and an attorney for the government as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure, for an order authorizing the interception of wire and electronic communications and the obtaining of global positioning system (herein "GPS") precision location information, and full consideration having been given to the matters set forth therein, the Court finds:

1.      The Application is made pursuant to the authority of Deputy Assistant Attorney General Paul O'Brien, a specially designated representative of the Attorney General of the United States, and therefore satisfies the dictates of 18 U.S.C. § 2516(1).

2.      There is probable cause to believe that the following individuals: Keith JACKSON ("JACKSON"), ████████████████████, California State Senator Leland YEE ("YEE") ████████████████████████████████████, Brandon JACKSON ("Brandon JACKSON"), Marlon SULLIVAN ("SULLIVAN"), Kwok Cheung CHOW, a/k/a Raymond Chow, a/k/a Shrimp Boy, a/k/a Ha Jai ("CHOW"), ████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████, Barry HOUSE, a/k/a Black ("HOUSE"), ████████████████████████ ████████████████████████, and others whose identities are presently unknown (collectively, the "Target Subjects and Interceptees"), have committed, are committing, and will continue to commit violations of one or more of the following federal felony offenses enumerated in 18 U.S.C. § 2516 (the "Target Offenses"), that is:

(a)    mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343, and 1346;

(b)    money laundering, in violation of Title 18, United States Code, Section 1956;

(c)    violations of the Travel Act, in violation of Title 18, United States Code, Section 1952;

(d)    conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846;

(e)    distribution of controlled substances, in violation of Title 21, United States Code, Section 841;

(f)    use of communication facility to commit or facilitate narcotics offense, in violation of Title 21, United States Code, Section 843(b); and

(g)    unlawful engaging in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1); and

(h)    interstate transportation of stolen property, in violation of Title 18, United States Code, Section 2314.

3.    There is probable cause to believe that particular wire and electronic communications of the Target Subjects and Interceptees concerning the offenses described above, will be obtained through the interception of wire and electronic communications requested in this application.  Specifically, there is probable cause to believe that the cellular telephones bearing the following identification described in further detail below:

**Target Telephone 1**
Suspected Primary User: Keith JACKSON
Call Number:
IMSI/IMEI:
Provider: T-Mobile
Subscriber:

San Francisco, CA 94109
Type of interception: wire and electronic

**Target Telephone 2**

Suspected Primary User: Senator Leland YEE
Call Number

1

Provider: Verizon
Subscriber: ▓▓▓▓▓▓▓▓

2

3

Type of interception: wire only

4

5    **Target Telephone 5**

6    Suspected Primary User: ▓▓▓▓▓▓▓▓
     Call Number: ▓▓▓▓▓▓
     IMEI: ▓▓▓▓

7

     Provider: Verizon Wireless

8    Subscriber: ▓▓▓▓▓▓▓▓▓▓▓

9

     Type of interception: wire and electronic

10

11   (herein "**Target Telephones**") are being used to commit the Target Offenses.  There is also

12   probable cause to believe that the obtaining of precision location information of the **Target**

13   **Telephones** will constitute or lead to evidence of the Target Offenses. In particular:

14          a.      There is probable cause to believe that the **Target Telephones** have been, are

15                  now, and will continue to be used to commit the Target Offenses;

16          b.      There is probable cause to believe that the **Target Telephones** have been, are

17                  now, and will continue to be used by the Target Subjects and Interceptees in

18                  connection with the commission and attempted commission of the Target

19                  Offenses; and

20          c.      There is probable cause to believe that particular wire and electronic

21                  communications of the Target Subjects and Interceptees and others as yet

22                  unknown, concerning the Target Offenses, will be obtained through the

23                  interception of wire and electronic communications requested in this Application.

24                  In particular, the wire and electronic communications are expected to identify,

25                  among other things:

26                  (i) the nature, extent and methods of operation of all of the Target Subjects'

27                  scheme to commit the Target Offenses;

28

SEALED ORDER                                    4

(ii) the identity of all of the Target Subjects' accomplices, aiders and abettors, co-conspirators and participants in their commission of the Target Offenses;

(iii) the receipt and distribution of all contraband and money involved in the Target Offenses;

(iv) the locations and items used in furtherance of the Target Offenses;

(v) the existence and locations of all documents, books, records and other recordings relating to the Target Offenses;

(vi) the location and source of all resources used to finance the Target Offenses; and

(vii) the location and disposition of all of the proceeds from the Target Offenses.

4.      Traditional investigative techniques have been tried and have failed. Additional efforts to employ normal investigative techniques reasonably appear unlikely to succeed in the future, or to be too dangerous to utilize, and they reasonably appear unlikely to reveal the full scope of the unlawful activities, the roles of the individuals involved, or the identities of other participants.

5.      This Order authorizes the interception of wire and electronic communications on **Target Telephones 1 and 5** and the interception of wire communications on **Target Telephone 2** in connection with the pending investigation of violations of the Target Offenses.  Pursuant to Rule 41 of the Federal Rules of Criminal Procedure, this Order also authorizes the obtaining and use of GPS precision location information for the **Target Telephones**.

WHEREFORE, IT IS HEREBY ORDERED that Special Agents of the Federal Bureau of Investigation ("FBI") and other federal and specifically designated local law enforcement officers, as well as language specialists employed by the FBI, are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, pursuant to the power delegated to him by special designation of the Attorney General and vested in the Attorney General by 18 U.S.C. § 2516, to intercept the wire and electronic communications of the Target Subjects and Interceptees on **Target Telephones 1 and 5** and the wire communications of the Target Subjects and Interceptees on **Target**

Telephone 2 concerning the Target Offenses listed above. Pursuant to 18 U.S.C. § 2518(5), such interception shall not terminate automatically after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which reveal fully the manner in which the interceptees and others as yet unknown are committing the offenses described herein, the manner in which the interceptees and others as yet unknown participate in the specified offenses; the level of involvement and the identity of all coconspirators and aiders and abetters who are acting in concert with the interceptees of this application; and the precise nature and scope of the illegal activities and conspiracy as described above, or for a period of 30 days measured from the earlier of the day on which the investigative or law enforcement officers first begin to conduct the authorized interception, or ten days after the date this Order is signed by the Court.

IT FURTHER APPEARING THAT, during the course of the interception, the service provider may change:

IT IS FURTHER ORDERED that this Order is binding on any domestic USA service provider providing wire and electronic communications service to the **Target Telephones** without further order of this Court upon service of a certified copy of this Order.

IT IS FURTHER ORDERED that T-Mobile, Verizon, AT&T, or any subsequent service providers as defined in 18 U.S.C. § 2510(15), shall notify the applicant immediately if and when the Device Number/ESN/IMSI/MEID, or the telephone number for any of the **Target Telephones** is supplied to another service provider.

IT IS FURTHER ORDERED that in the event that the service provider for any of the **Target Telephones** changes during the course of the interception, interception may continue with the new service provider without further order of this Court upon service of a certified copy of the

SEALED ORDER                                    6

1   Court's Order.[1/]   The United States will advise the Court of the change of service provider in the

2   periodic progress reports submitted to this Court.

3        IT IS FURTHER ORDERED that the authorization given during this 30-day period shall

4   apply not only to the telephone number listed above for the **Target Telephones**, but to any

5   changed telephone number(s) or other telephone number(s) subsequently assigned to or used by

6   the instrument(s) bearing the same IMEI numbers listed above, or to any new IMEI number(s)

7   assigned to the telephone number listed above for the **Target Telephones**.  It is further ordered

8   that the authorization to intercept wire communications apply to background conversations

9   intercepted through the **Target Telephones** while the **Target Telephones** are off the hook or

10  otherwise in use.  It is further ordered that the authorization to intercept the wire communications

11  of the Target Subjects and Interceptees occurring on the **Target Telephones** apply to voice-mail

12  messages intercepted as they are left or retrieved.  It is further ordered that the authorization to

13  intercept the wire communications of the interceptees occurring over the **Target Telephones**

14  apply to any push-to-talk communications.  The authorization is also intended to apply to the

15  **Target Telephone** numbers regardless of the service provider and to any background

16  conversations intercepted in the vicinity of the **Target Telephones** while the telephones are off

17  the hook or otherwise in use.

18       IT IS FURTHER ORDERED that, because of the inherent mobility of the **Target**

19  **Telephones**, and pursuant to 18 U.S.C. § 2518(3), in the event that the **Target Telephones** move

20  outside the territorial jurisdiction of this Court, the Northern District of California, interceptions

21  may still take place in the Northern District of California where interceptions will first occur and

22  be minimized.

23       IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2518(5), the period of

24  authorized interception set forth in the order runs from the earlier of the day on which the

25  _____

26     [1/]  This order remains effective in the event that any of the **Target Telephones** are
transferred to another carrier pursuant to "Local Number Portability," which allows a telephone

27  user to change his telephone company but still keep the same telephone number.  However, such
transferred effect of the order will apply only if any of the **Target Telephones** are transferred

28  (i.e. "ported") to another telephone carrier, and the telephone number and subscriber information
remain the same.

1   investigative or law enforcement officer first begins to conduct the authorized interception or ten

2   days after the Order is signed by the Court.

3       IT IS FURTHER ORDERED that, based upon the request of the applicant, pursuant to 18

4   U.S.C. §§ 2703, 3122 and 3123, T-Mobile, Verizon, the telephone service providers for the

5   **Target Telephones**, and any other related provider of wire and electronic communications

6   services as defined in 18 U.S.C. § 2510(15), shall provide the following services concerning the

7   **Target Telephones**, if available: caller I.D., speed dialing, call waiting, reverse number searches,

8   historical cell site information,[2] toll records, and related information as described above, pen

9   register data and trap and trace extended digit-dialed data, direct connect/digital dispatch ("Push

10  to Talk") services, three-way calling, and all other services.  These services are to be provided to

11  the government on an "as needed basis" to be determined by FBI.

12      IT IS FURTHER ORDERED, based upon the request of the Applicant pursuant to 18

13  U.S.C. 2518(4) and 18 U.S.C. § 2518(5), that T-Mobile, Verizon, and any related wire and

14  electronic communication service providers as defined in 18 U.S.C. § 2510(15), shall furnish and

15  continue to furnish T-Mobile, Verizon, with all information, facilities, and technical assistance

16  necessary to accomplish the interceptions unobtrusively and with a minimum of interference with

17  the services that such service providers are according the persons whose communications are to

18  be intercepted, and to ensure an effective and secure installation of electronic devices capable of

19  intercepting wire communications over the above-described telephone facilities.  T-Mobile,

20  Verizon, and AT&T  may use all necessary and reasonable means to carry out the requested

21  interception.  The service providers furnishing such facilities or technical assistance shall be

22  compensated by the applicant for reasonable expenses incurred in providing such facilities or

23  assistance.  The switch mechanisms which allow law enforcement to receive audio shall be

24  programmed within four business hours of receipt of the Court's Order.

25      IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 2703(c) and (d), T-Mobile,

26  Verizon, and any related wire and electronic communications service providers as defined in 18

27

28      [2] This includes the physical address of the cell sites and sectors and corresponding
antenna information used to identify the location of the **Target Telephones**.

U.S.C. § 2510(15), shall disclose to FBI all published and non-published subscriber records and other information (including toll records) relevant to this investigation, that is, all such information pertaining to telephone numbers associated with telephones, digital display devices, and mobile telephones utilized, if any, which may be requested in furtherance of this investigation, within 24 hours of said verbal or written request, and, provide these records and information electronically, when requested. Such information shall include, but not be limited to, subscriber date of birth, driver's licenses (state of issuance and number), social security number, available contact names and numbers, employment information, all telephone numbers listed to subscribers under the same or different account, method of payment, length of service, periods of telephone activation, account and billing information, and incoming and outgoing toll information (both historical and ongoing), including direct connect/digital dispatch ("Push to Talk") services and call detail. It is further ORDERED that, when requested, the service provider shall provide toll information for up to the preceding 90 days. Based upon the specific and articulable facts set forth in the affidavit attached to the application referenced above, there are reasonable grounds to believe that the records and other information to be sought are relevant and material to the ongoing criminal investigation, in that the records and other information will assist law enforcement personnel in fully identifying the named interceptees, their co-conspirators and associates, and in identifying locations used by the organization to conduct its unlawful activities.

IT IS FURTHER ORDERED that the furnishing of said information, facilities, and technical assistance by T-Mobile, and Verizon, shall terminate after 30 days measured from the earlier of the day on which the investigative or law enforcement officers begin to conduct the interception of wire and electronic communications pursuant to this Order, or ten days from the date this Order is signed by the Court, unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 41, that FBI agents may obtain and use global positioning system ("GPS") precision location information to monitor the precise physical location of the **Target Telephones**, including but not limited to data indicating the specific latitude and longitude, or other precise location information

of the **Target Telephones** for a period of thirty days.  There is probable cause to believe that the precise location of **Target Telephone** at times determined by investigators will constitute or lead to evidence of the Target Offenses.

IT IS FURTHER ORDERED that the warrant for the precise location information be returned to the issuing judicial officer within ten days after the termination of the execution of the Order.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rules of Criminal Procedure 41(f)(3), delay of the notification of the acquisition of geolocation information is authorized until such time as the inventory required under Title 18, United States Code, Section 2518(8)(d) is served.

IT IS FURTHER ORDERED, to avoid prejudice to this criminal investigation, any individuals shall not disclose or cause a disclosure of this Court's Order, the request for information, facilities, and assistance by the FBI, or the existence of the investigation to any person other than those agents and employees of the FBI (including employees of state and local task forces) who require this information to accomplish the requested interceptions.

IT IS FURTHER ORDERED that this Order shall be executed as soon as practicable after it is signed and that all monitoring of wire and electronic communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18 of the United States Code.

IT IS FURTHER ORDERED that the interception of wire and electronic communications authorized by this Court's Order must terminate upon attainment of the authorized objectives or, in any event, at the end of 30 days from the date of this Order, measured from the earlier of the day on which the investigative or law enforcement officer first begins to conduct an interception or ten days after the Order is signed by the Court.

IT IS FURTHER ORDERED that monitoring of wire and electronic communications must terminate immediately when it is determined that the communications are unrelated to communications subject to interception under 18 U.S.C. Chapter 119.  Interception must be

suspended immediately when it is determined through voice identification, video surveillance, physical surveillance, or otherwise, that none of the named Target Subjects and Interceptees or any of their confederates, when identified, are participants in the communication, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If the communication is minimized, the monitoring agent shall spot check to ensure that the conversation has not turned to criminal matters. Special attention will be given to the minimization of all federally-recognized privileges.

IT IS FURTHER ORDERED that permission is granted to utilize delayed minimization as authorized by the provisions of 18 U.S.C. § 2518(5) for interceptions in foreign or coded language. In the event that the intercepted communication is in a code or foreign language, and an expert in that foreign language is not reasonably available during the period of interception, minimization shall be accomplished as soon as practicable after such interception.

IT IS FURTHER ORDERED, that pursuant to 18 U.S.C. § 2518(5), and its provisions for specialized minimization procedures when intercepting foreign language or coded communications, the following minimization procedures be established:

a.   Should foreign language translators not be reasonably available to minimize communications on the spot, all such communications will be intercepted and recorded in their entirety;

b.   In the event the translator is not a federal agent, the translator, whether he/she is a foreign language-trained support employee or under contract to the government, will be under the supervision of a federal agent; and

c.   Communications  monitored by the translator under the supervision of a federal agent will be minimized by the translator, and an English translation of the pertinent criminal communications will be furnished to the supervising federal agent.

IT IS FURTHER ORDERED that with respect to electronic communications in particular (i.e. text messages) on **Target Telephones 1 and 5**, all monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code. Each text

SEALED ORDER                                          11

1  message will be reviewed over a secure system, and based on the identities of the sender and

2  recipient and the content of the message, monitoring personnel will determine as soon as

3  practicable after interception whether the text message appears to be relevant to the investigation

4  or otherwise criminal in nature. If the message is not criminal in nature, the message will be

5  marked "minimized" and not accessed by other members of the investigative team. If the

6  message appears to be privileged, it will be marked "privileged" and secured from access by

7  other members of the investigative team. If a text message appears to be relevant to the

8  investigation or otherwise criminal in nature, it will be marked "non-minimized" and may be

9  shared with the other agents and monitors involved in the investigation. If a text message is

10 marked "minimized" or "privileged," it will not be disseminated to members of the investigative

11 team. All intercepted text messages will be sealed with the court upon the expiration of the

12 court's order authorizing the interception.  It is anticipated that the monitoring location will not

13 be staffed at all times, but will be staffed at regular hours, at which time intercepted

14 communications will be monitored and read (including those intercepted at hours when the

15 location was not staffed). However, even when unmanned, the monitoring location will be kept

16 secured with access limited to only authorized monitoring personnel and their supervising agents.

17        IT IS FURTHER ORDERED that Assistant United States Attorney William Frentzen, or

18 any other Assistant United States Attorney familiar with the facts of the case, provide the Court

19 with a report on or about the 15th day following the date law enforcement officers first begin to

20 conduct interception pursuant to the Court's Order showing what progress has been made toward

21 achievement of the authorized objectives and the need for continued interception.  If this report

22 should become due on a weekend or holiday, it is ordered further that such report become due on

23 the next business day thereafter.

24        IT IS FURTHER ORDERED that this Court's Orders, the Application, the accompanying

25 Affidavit, minimization instructions, all periodic reports filed with the Court with regard to this

26 matter, and all other related documents be sealed until further order of this Court, except that

27 copies of the Orders, in full or redacted form, may be served on FBI and on others as necessary to

28

SEALED ORDER                                    12

1   effectuate the Court's Orders.

2

3   DATED: _May 9_, 2013

4                                              HON. CHARLES R. BREYER
                                               United States District Judge
5   TIME: _11:18_

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 19

## (To be filed under seal)

Government's Exhibit



ORIGINAL
FILED

2013 JUL -1 P 12:34

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CR   13   00 569MISC
No.

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS ON CELLULAR TELEPHONE ████████, AND TELEPHONE ████, AND THE OBTAINING OF GPS PRECISE LOCATION INFORMATION FOR CELLULAR TELEPHONE ████ | ORDER AUTHORIZING INTERCEPTION OF WIRE COMMUNICATIONS AND OBTAINING OF GPS LOCATION INFORMATION<br><br>**FILED UNDER SEAL** |

Application under oath having been made before me by William Frentzen, an Assistant United States Attorney for the Northern District of California, an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and an attorney for the government as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure, for an order authorizing the interception of wire communications and the obtaining of global positioning system (herein "GPS") precision location information, and full consideration having been given to the matters set forth therein, the Court finds:

1.    The Application is made pursuant to the authority of Deputy Assistant Attorney General Paul O'Brien, a specially designated representative of the Attorney General of the United States, and therefore satisfies the dictates of 18 U.S.C. § 2516(1).

2.    There is probable cause to believe that the following individuals: Keith JACKSON ("JACKSON"), ███████████, California State Senator Leland Yee ("YEE"), ████████████████████, Kwok Cheung CHOW, a/k/a Raymond Chow, a/k/a Shrimp Boy, a/k/a Ha Jai ("CHOW"), ███████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████, and others whose identities are presently unknown (collectively, the "Target Subjects and Interceptees"), have committed, are committing, and will continue to commit violations of one or more of the following federal felony offenses enumerated in 18 U.S.C. § 2516 (the "Target Offenses"), that is:

(a)    mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343, and 1346;

(b)    money laundering, in violation of Title 18, United States Code, Section 1956;

(c)    violations of the Travel Act, in violation of Title 18, United States Code, Section 1952;

(d)    conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846;

(e)     distribution of controlled substances, in violation of Title 21, United States Code, Section 841; and

(f)     use of communication facility to commit or facilitate narcotics offense, in violation of Title 21, United States Code, Section 843(b).

3.     There is probable cause to believe that particular wire and electronic communications of the Target Subjects and Interceptees concerning the offenses described above, will be obtained through the interception of wire communications requested in this application. Specifically, there is probable cause to believe that the cellular telephones bearing the following identification described in further detail below:

**Target Telephone 2**
Suspected Primary User: Senator Leland YEE
Call Number: ██████████
MEI: ██████
Provider: Verizon
Subscriber: ████████████
        San Francisco, CA 94121

**Target Telephone 4**

Suspected primary user: Senator Leland YEE
Call Number: ██████████
Provider: AT&T
Type of telephone: land line
Subscriber: ████████████
        San Francisco, CA 94122

(herein "**Target Telephones**") are being used to commit the Target Offenses. There is also probable cause to believe that the obtaining of precision location information of the **Target Telephones** will constitute or lead to evidence of the Target Offenses. In particular:

a.     There is probable cause to believe that the **Target Telephones** have been, are now, and will continue to be used to commit the Target Offenses;

b.     There is probable cause to believe that the **Target Telephones** have been, are now, and will continue to be used by the Target Subjects and Interceptees in connection with the commission and attempted commission of the Target Offenses; and

c.   There is probable cause to believe that particular wire communications of the Target Subjects and Interceptees and others as yet unknown, concerning the Target Offenses, will be obtained through the interception of wire communications requested in this Application. In particular, the wire communications are expected to identify, among other things:

(i) the nature, extent and methods of operation of all of the Target Subjects' scheme to commit the Target Offenses;

(ii) the identity of all of the Target Subjects' accomplices, aiders and abettors, co-conspirators and participants in their commission of the Target Offenses;

(iii) the receipt and distribution of all contraband and money involved in the Target Offenses;

(iv) the locations and items used in furtherance of the Target Offenses;

(v) the existence and locations of all documents, books, records and other recordings relating to the Target Offenses;

(vi) the location and source of all resources used to finance the Target Offenses; and

(vii) the location and disposition of all of the proceeds from the Target Offenses.

4.   Traditional investigative techniques have been tried and have failed. Additional efforts to employ normal investigative techniques reasonably appear unlikely to succeed in the future, or to be too dangerous to utilize, and they reasonably appear unlikely to reveal the full scope of the unlawful activities, the roles of the individuals involved, or the identities of other participants.

5.   This Order authorizes the interception of wire communications on the **Target Telephones** in connection with the pending investigation of violations of the Target Offenses. Pursuant to Rule 41 of the Federal Rules of Criminal Procedure, this Order also authorizes the obtaining and use of GPS precision location information for **Target Telephone 2**.

WHEREFORE, IT IS HEREBY ORDERED that Special Agents of the Federal Bureau of



SEALED ORDER                                   4

Investigation ("FBI") and other federal and specifically designated local law enforcement officers, as well as language specialists employed by the FBI, are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, pursuant to the power delegated to him by special designation of the Attorney General and vested in the Attorney General by 18 U.S.C. § 2516, to intercept the wire communications of the Target Subjects and Intercepts on the **Target Telephones** concerning the Target Offenses listed above.  Pursuant to 18 U.S.C. § 2518(5), such interception shall not terminate automatically after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which reveal fully the manner in which the interceptees and others as yet unknown are committing the offenses described herein, the manner in which the interceptees and others as yet unknown participate in the specified offenses; the level of involvement and the identity of all coconspirators and aiders and abetters who are acting in concert with the interceptees of this application; and the precise nature and scope of the illegal activities and conspiracy as described above, or for a period of 30 days measured from the earlier of the day on which the investigative or law enforcement officers first begin to conduct the authorized interception, or ten days after the date this Order is signed by the Court.

IT FURTHER APPEARING THAT, during the course of the interception, the service provider may change:

IT IS FURTHER ORDERED that this Order is binding on any domestic USA service provider providing wire and electronic communications service to the **Target Telephones** without further order of this Court upon service of a certified copy of this Order.

IT IS FURTHER ORDERED that Verizon, AT&T, or any subsequent service providers as defined in 18 U.S.C. § 2510(15), shall notify the applicant immediately if and when the Device Number/ESN/IMSI/MEID, or the telephone number for any of the **Target Telephones** is supplied to another service provider.

IT IS FURTHER ORDERED that in the event that the service provider for any of the **Target Telephones** changes during the course of the interception, interception may continue



1  with the new service provider without further order of this Court upon service of a certified copy

2  of the Court's Order.[1/]  The United States will advise the Court of the change of service provider

3  in the periodic progress reports submitted to this Court.

4      IT IS FURTHER ORDERED that the authorization given during this 30-day period shall

5  apply not only to the telephone number listed above for the **Target Telephones**, but to any

6  changed telephone number(s) or other telephone number(s) subsequently assigned to or used by

7  the instrument(s) bearing the same IMEI numbers listed above, or to any new IMEI number(s)

8  assigned to the telephone number listed above for the **Target Telephones**.  It is further ordered

9  that the authorization to intercept wire communications apply to background conversations

10  intercepted through the **Target Telephones** while the **Target Telephones** are off the hook or

11  otherwise in use.  It is further ordered that the authorization to intercept the wire communications

12  of the Target Subjects and Interceptees occurring on the **Target Telephones** apply to voice-mail

13  messages intercepted as they are left or retrieved.  It is further ordered that the authorization to

14  intercept the wire communications of the interceptees occurring over the **Target Telephones**

15  apply to any push-to-talk communications.  The authorization is also intended to apply to the

16  **Target Telephone** numbers regardless of the service provider and to any background

17  conversations intercepted in the vicinity of the **Target Telephones** while the telephones are off

18  the hook or otherwise in use.  The authorization given is intended to apply not only to the target

19  telephone numbers listed above, but to any changed telephone numbers assigned to the same

20  cables, pairs and binding posts used by the target landline telephone, Target Telephone 4, within

21  the thirty (30) day period.  The authorization is also intended to apply to the target telephone

22  numbers regardless of the service provided and to any background conversations intercepted in

23  the vicinity of the target telephones while the telephones are off the hook or otherwise in use.

24

25

26      [1/] This order remains effective in the event that any of the **Target Telephones** are
transferred to another carrier pursuant to "Local Number Portability," which allows a telephone

27  user to change his telephone company but still keep the same telephone number.  However, such
transferred effect of the order will apply only if any of the **Target Telephones** are transferred

28  (i.e. "ported") to another telephone carrier, and the telephone number and subscriber information
remain the same.



SEALED ORDER             6

IT IS FURTHER ORDERED that, because of the inherent mobility of **Target Telephone** 2, and pursuant to 18 U.S.C. § 2518(3), in the event that **Target Telephone** 2 moves outside the territorial jurisdiction of this Court, the Northern District of California, interceptions may still take place in the Northern District of California where interceptions will first occur and be minimized.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2518(5), the period of authorized interception set forth in the order runs from the earlier of the day on which the investigative or law enforcement officer first begins to conduct the authorized interception or ten days after the Order is signed by the Court.

IT IS FURTHER ORDERED that, based upon the request of the applicant, pursuant to 18 U.S.C. §§ 2703, 3122 and 3123, AT&T, Verizon, the telephone service providers for the **Target Telephones**, and any other related provider of wire communications services as defined in 18 U.S.C. § 2510(15), shall provide the following services concerning the **Target Telephones**, if available: caller I.D., speed dialing, call waiting, reverse number searches, historical cell site information,[2] toll records, and related information as described above, pen register data and trap and trace extended digit-dialed data, direct connect/digital dispatch ("Push to Talk") services, three-way calling, and all other services. These services are to be provided to the government on an "as needed basis" to be determined by FBI.

IT IS FURTHER ORDERED, based upon the request of the Applicant pursuant to 18 U.S.C. 2518(4) and 18 U.S.C. § 2518(5), that AT&T, Verizon, and any related wire communication service providers as defined in 18 U.S.C. § 2510(15), shall furnish and continue to furnish AT&T, Verizon, with all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such service providers are according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire communications over the above-described telephone facilities. Verizon, and

---

[2] This includes the physical address of the cell sites and sectors and corresponding antenna information used to identify the location of the **Target Telephones**.

AT&T may use all necessary and reasonable means to carry out the requested interception. The service providers furnishing such facilities or technical assistance shall be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance. The switch mechanisms which allow law enforcement to receive audio shall be programmed within four business hours of receipt of the Court's Order.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 2703(c) and (d), AT&T, Verizon, and any related wire communications service providers as defined in 18 U.S.C. § 2510(15), shall disclose to FBI all published and non-published subscriber records and other information (including toll records) relevant to this investigation, that is, all such information pertaining to telephone numbers associated with telephones, digital display devices, and mobile telephones utilized, if any, which may be requested in furtherance of this investigation, within 24 hours of said verbal or written request, and, provide these records and information electronically, when requested. Such information shall include, but not be limited to, subscriber date of birth, driver's licenses (state of issuance and number), social security number, available contact names and numbers, employment information, all telephone numbers listed to subscribers under the same or different account, method of payment, length of service, periods of telephone activation, account and billing information, and incoming and outgoing toll information (both historical and ongoing), including direct connect/digital dispatch ("Push to Talk") services and call detail. It is further ORDERED that, when requested, the service provider shall provide toll information for up to the preceding 90 days. Based upon the specific and articulable facts set forth in the affidavit attached to the application referenced above, there are reasonable grounds to believe that the records and other information to be sought are relevant and material to the ongoing criminal investigation, in that the records and other information will assist law enforcement personnel in fully identifying the named interceptees, their co-conspirators and associates, and in identifying locations used by the organization to conduct its unlawful activities.

IT IS FURTHER ORDERED that the furnishing of said information, facilities, and technical assistance by AT&T and Verizon, shall terminate after 30 days measured from the earlier of the day on which the investigative or law enforcement officers begin to conduct the

interception of wire communications pursuant to this Order, or ten days from the date this Order is signed by the Court, unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 41, that FBI agents may obtain and use global positioning system ("GPS") precision location information to monitor the precise physical location of **Target Telephone 2**, including but not limited to data indicating the specific latitude and longitude, or other precise location information of **Target Telephone 2** for a period of thirty days. There is probable cause to believe that the precise location **Target Telephone 2** at times determined by investigators will constitute or lead to evidence of the Target Offenses.

IT IS FURTHER ORDERED that the warrant for the precise location information be returned to the issuing judicial officer within ten days after the termination of the execution of the Order.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rules of Criminal Procedure 41(f)(3), delay of the notification of the acquisition of geolocation information is authorized until such time as the inventory required under Title 18, United States Code, Section 2518(8)(d) is served.

IT IS FURTHER ORDERED, to avoid prejudice to this criminal investigation, any individuals shall not disclose or cause a disclosure of this Court's Order, the request for information, facilities, and assistance by the FBI, or the existence of the investigation to any person other than those agents and employees of the FBI (including employees of state and local task forces) who require this information to accomplish the requested interceptions.

IT IS FURTHER ORDERED that this Order shall be executed as soon as practicable after it is signed and that all monitoring of wire and electronic communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18 of the United States Code.

IT IS FURTHER ORDERED that the interception of wire communications authorized by this Court's Order must terminate upon attainment of the authorized objectives or, in any event,

at the end of 30 days from the date of this Order, measured from the earlier of the day on which the investigative or law enforcement officer first begins to conduct an interception or ten days after the Order is signed by the Court.

IT IS FURTHER ORDERED that monitoring of wire communications must terminate immediately when it is determined that the communications are unrelated to communications subject to interception under 18 U.S.C. Chapter 119.  Interception must be suspended immediately when it is determined through voice identification, video surveillance, physical surveillance, or otherwise, that none of the named Target Subjects and Interceptees or any of their confederates, when identified, are participants in the communication, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If the communication is minimized, the monitoring agent shall spot check to ensure that the conversation has not turned to criminal matters.  Special attention will be given to the minimization of all federally-recognized privileges.

IT IS FURTHER ORDERED that permission is granted to utilize delayed minimization as authorized by the provisions of 18 U.S.C. § 2518(5) for interceptions in foreign or coded language.  In the event that the intercepted communication is in a code or foreign language, and an expert in that foreign language is not reasonably available during the period of interception, minimization shall be accomplished as soon as practicable after such interception.

IT IS FURTHER ORDERED, that pursuant to 18 U.S.C. § 2518(5), and its provisions for specialized minimization procedures when intercepting foreign language or coded communications, the following minimization procedures be established:

    a.    Should foreign language translators not be reasonably available to minimize communications on the spot, all such communications will be intercepted and recorded in their entirety;

    b.    In the event the translator is not a federal agent, the translator, whether he/she is a foreign language-trained support employee or under contract to the government, will be under the supervision of a federal agent; and

c.   Communications monitored by the translator under the supervision of a federal
agent will be minimized by the translator, and an English translation of the
pertinent criminal communications will be furnished to the supervising federal
agent.

IT IS FURTHER ORDERED that Assistant United States Attorney William Frentzen, or
any other Assistant United States Attorney familiar with the facts of the case, provide the Court
with a report on or about the 15th day following the date law enforcement officers first begin to
conduct interception pursuant to the Court's Order showing what progress has been made toward
achievement of the authorized objectives and the need for continued interception.  If this report
should become due on a weekend or holiday, it is ordered further that such report become due on
the next business day thereafter.

IT IS FURTHER ORDERED that this Court's Orders, the Application, the accompanying
Affidavit, minimization instructions, all periodic reports filed with the Court with regard to this
matter, and all other related documents be sealed until further order of this Court, except that
copies of the Orders, in full or redacted form, may be served on FBI and on others as necessary to
effectuate the Court's Orders.

DATED: _____, 2013

TIME: _____

HON. CHARLES R. BREYER
United States District Judge