# EXHIBIT 21

# (To be filed under seal)

Government's Exhibit

MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys
450 Golden Gate Ave., Box 36055
San Francisco, California 94102
Telephone: (415) 436-7200
Fax: (415) 436-6753
E-Mail:      william.frentzen@usdoj.gov
             susan.badger@usdoj.gov
             waqar.hasib@usdoj.gov

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS ON CELLULAR TELEPHONES ███████ ████ AND ███████, AND THE OBTAINING OF GPS PRECISE LOCATION INFORMATION FOR THE SAME TELEPHONES | No. _____<br><br>UNITED STATES' INSTRUCTIONS<br><br>**FILED UNDER SEAL** |

TO ALL SPECIAL AGENTS, law enforcement officers, and other personnel under the supervision of law enforcement personnel who are participating in the monitoring of the conversations involving the interception of wire communications over the following telephones (hereafter the "Target Telephones"):

**Target Telephone 1**
Suspected primary user:     Keith JACKSON
Call Number:
IMSI/IMEI:
Provider:                   T-Mobile
Subscriber:

                            San Francisco, CA 94109

**Target Telephone 2**
Suspected primary user:     Senator Leland YEE
Call Number:
IMEI:
Provider:                   Verizon
Subscriber:

                            San Francisco, CA 94121

The anticipated authorization for interception is for certain wire communications over the Target Telephones involving the following persons:

Keith JACKSON ("JACKSON")

Senator Leland YEE ("YEE")

Brandon JACKSON ("Brandon JACKSON")

Marlon SULLIVAN ("SULLIVAN")

and Kwok Cheung CHOW, a/k/a Raymond Chow, a/k/a Shrimp Boy, a/k/a Ha Jai ("CHOW");

INSTRUCTIONS
UNDER SEAL

and others whose identities are presently unknown (collectively, the "Target Interceptees"), for a thirty (30) day period, pursuant to 18 U.S.C. § 2518.

## INTRODUCTION

1.  Before participating in any interception, you must

a.  attend the minimization meeting on November 13, 2012, or listen to the recording of the instructions given at that meeting,

b.  carefully read the Application, Affidavit, and Court Order that are expected to be signed by the Court today, November 13, 2012, authorizing the interception of wire communications;

c.  carefully read these Instructions; and

d.  after completing the above steps (a-c), **but before you begin monitoring**, sign the attached certification.

A copy of the signed Application, Affidavit, Order, and Instructions will be posted in the wire room at all times during the operation of the surveillance. No one should be in the wire room without completing this certification. Moreover, only individuals involved in this wiretap should be listening to conversations taking place over the **Target Telephones** as they are being monitored. Finally, information received from this wiretap should not be disclosed to anyone outside of this investigation.

2.  Your task is to carry out the Court's Order, intercepting only those conversations and activities that are specifically designated, while minimizing the interception of non-pertinent or privileged communications and activities.

3.  The law makes no distinction between intercepting, listening to, overhearing, or monitoring (hereinafter "intercepting") a conversation. Courts generally regard intercepting wire communications through the use of electronic surveillance like any other search warrant: it authorizes a limited search and a limited seizure of evidence. Any intercepted conversation, whether or not it is recorded or otherwise preserved, is "seized" and subject to the limitations of the Court's Order.

4.     The Court's Order will not allow you to freely intercept and listen to every communication carried on over the **Target Telephones**. Minimization requires that the agents make a good faith determination of whether any conversation is relevant to those illegal activities described below. If you listened to every conversation occurring over the **Target Telephones**, the fruits of your investigation could be suppressed unless all the conversations were pertinent and were not privileged.

5.     Anytime a conversation or any part thereof is monitored, it must be recorded. To ensure that the Court can later review exactly what was intercepted, where and when minimization took place, and whether or not the monitoring was conducted in accordance with its Order, the interception equipment has been wired in such a way as to interconnect the recording and monitoring functions. You will not be able to monitor any communication without it being automatically and simultaneously recorded. Conversely, you will not be able to record any communication without it being automatically and simultaneously monitored. A single switch will activate both interception and recording so that when you tie into a telephone line to monitor a communication, you will have also activated the recorder. When you shut off the switch to end your interception, the recording will cease at the same time. If for some reason we must use machines that have a separate monitor switch, such switch is not to be activated unless the machine is recording.

6.     We have to be able to demonstrate that we neither listened to nor recorded communications that we had no right to intercept. The original recording is our evidence of this. For this reason, **no machine is to be left unattended or on automatic**.

7.     However, if at any time a machine malfunctions or it becomes necessary to install another CD while conversations are being intercepted, monitoring is permissible while the situation is being remedied. Be certain to report any overheard or overseen but non-recorded conversations in the interception log as accurately as possible, and to note the time, duration, and nature of the malfunction or other reason for non-recording. Also, immediately inform the Supervising Agent and the Supervising Attorney about the situation. In this case, your notes will serve the function of the recording and must be carefully preserved.

INSTRUCTIONS
UNDER SEAL

## COMMUNICATIONS WHICH MAY BE MONITORED

8.      We have obtained authority from the Court to intercept certain wire communications of the Target Interceptees which occur over the **Target Telephones**. The communications we are authorized to intercept are those that relate to the following offenses (hereinafter the "Target Offenses"):

(a)     mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343, and 1346;

(b)     money laundering, in violation of Title 18, United States Code, Section 1956;

(c)     violations of the Travel Act, in violation of Title 18, United States Code, Section 1952;

(d)     conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846;

(e)     distribution of controlled substances, in violation of Title 21, United States Code, Section 841; and

(f)     use of communication facility to commit or facilitate narcotics offense, in violation of Title 21, United States Code, Section 843(b).

We are permitted by the Court's Order to intercept these wire communications to achieve the goals of this investigation.  These goals are as follows, to identify:

(i) the nature, extent and methods of operation of all of the Target Subjects' scheme to commit the Target Offenses;

(ii) the identity of all of the Target Subjects' accomplices, aiders and abettors, co-conspirators and participants in their commission of the Target Offenses;

(iii) the receipt and distribution of all contraband and money involved in the Target Offenses;

(iv) the locations and items used in furtherance of the Target Offenses;

(v) the existence and locations of all records relating to the Target Offenses;

(vi) the location and source of all resources used to finance the Target Offenses; and

(vii) the location and disposition of all of the proceeds from the Target Offenses.

9.     You should listen to the beginning of each conversation for as long as, and only for as long as, it is necessary for you to determine if one of the persons named above is a participant and the conversation is pertinent to the subjects and activities targeted by the Court Order, but in any case, usually no longer than a few minutes unless the conversation is pertinent, that is, the conversation is within the scope of our authorization and not privileged.  Title 18, United States Code, Section 2518(5) requires that interception be done "in such a way as to minimize the interception of communications not otherwise subject to interception."  If you determine that the conversation is not a criminal conversation, or is privileged, stop monitoring and begin minimization.  If you determine that the communication is pertinent, you will continue the interception.

## MINIMIZATION / SPOT-MONITORING

10.     If you determine during the initial few minutes that a conversation does not fall within the categories specified in the Order, that is, it is not pertinent, or that the conversation falls within one of the privileges discussed below, the recording and listening devices must be turned off.

11.     However, it is possible that some time after the machine is turned off, the conversation will regard the illegal activities listed herein, or that the conversation will cease being of a privileged nature.  To guard against missing a pertinent conversation, spot monitor, that is, check by activating the monitor and record switch periodically to determine if the nature of the conversation has changed so that it has become pertinent. Listen, observe, and record for a brief period, only as long as is necessary to determine whether the conversation has become pertinent.  This procedure of spot-monitoring may be continued throughout the conversation, but should be kept to the minimum necessary to ascertain whether the conversation has changed.  If, during this brief period of spot-monitoring a pertinent conversation is intercepted, keep listening and recording.  If a non-pertinent or privileged conversation is intercepted, turn off the machine. You must record the conversations which are overheard even during the brief periods of interception that occur during the spot monitoring.

12.     Continue the spot monitoring as the circumstances dictate.  In determining whether and when to continue spot interceptions, use your best judgment and the circumstances known to you, such as the identity of the parties to the conversation, the nature of their relationship and past conduct, the presence of any code words, their known current activity, etc. Here are some guidelines to help you do this.

    a.    Patterns of Innocence:

        If after several days of interception, we have consistently found that communications involving a Target Interceptee and a particular person are innocent, non-pertinent, or non-crime related, then a pattern of innocence exists and such conversations should be minimized once the parties are identified but such conversations should also occasionally be spot-monitored as described above.

    b.    Patterns of Involvement:

        On the other hand, if one or more of the parties to a conversation has been, through the course of the investigation, identified as a co-conspirator, accomplice, agent, or victim of the Target Interceptees or criminal activities, and the communication is not privileged, a pattern of involvement in the illegal activity is established.  Once the pattern of involvement has been set, you should let the supervising agent or attorney know, and have them review the need for minimization when the involved party has been identified as a participant to any conversation.

## COMMUNICATIONS IN FOREIGN LANGUAGES

13.     We believe that some of the communications you monitor may be in a foreign language.  When communications in a foreign language are intercepted, we are under exactly the same obligation concerning minimization regardless of whether or not a particular government agent speaks or understands the language being used.  If you determine that the communication is in a language in which you are not fluent, immediately notify the supervising agent.

14.     Because it appears that conversations in Cantonese may be intercepted, efforts have been made to obtain Cantonese-speaking monitors to assist in the surveillance.  If a Cantonese translator is reasonably unavailable to minimize communications on the spot, all such

conversations should be intercepted and recorded in their entirety.  These conversations must then be minimized as soon as practicable by a translator.  Specific instructions are contained in both the Application and the Court Order.

**EVIDENCE OF OTHER CRIMES**

15.     We do not have authorization to intercept communications concerning the commission or planning of crimes other than those defined above as illegal activities.  Our authorization is limited to the interception of conversations between our named Target Interceptees and co-conspirators, accomplices, agents, or victims, concerning the illegal activities defined above.  In the event, however, that while you are listening to a pertinent conversation or attempting to determine whether a given conversation is pertinent, you intercept a conversation involving another serious crime – for example, assault, robbery, homicide, or hijacking – listen to and record that conversation.  It is similar to the "plain view" doctrine which applies in the execution of search warrants.  If you do monitor such a conversation, notify the Supervising Agent and Supervising Attorney immediately.

**CONVERSATIONS IN WHICH OUR NAMED
INTERCEPTEES ARE NOT PARTICIPANTS**

16.     No interception is to be conducted unless it is determined through video surveillance, physical surveillance, voice identification, or otherwise that at least one of the named Target Interceptees or any of their co-conspirators, once identified, are a party to the conversation for which authorization has been obtained.  We have authority to intercept pertinent conversations in which our Target Interceptees are not participants because we do not know and have not identified all the people who use in connection with the illegal activities.  For example, if Keith JACKSON and Senator Leland YEE are overheard stating that a third person paying a bribe will be calling over a **Target Telephone** in a moment, and they plan to hand the **Target Telphone** to a new individual who will assist in funneling the bribe to Senator YEE's accounts, and then the two new individuals begin a conversation over the **Target Telephone** while JACKSON and Senator YEE no longer participate in the conversation, you are authorized to continue to monitor the conversation of the now identified co-conspirators.  However, you are to

notify the Supervising Agent and Supervising Attorney so that appropriate modifications can be made in the applications and orders.  You must be extremely careful, however, when intercepting conversations in which a named Target Interceptee is not a participant, to avoid intercepting non-pertinent conversations.  It is important that you attempt to identify the named interceptees of this interception and, as well, to identify other individuals who may use the **Target Telephones** so that the patterns of innocence and involvement mentioned earlier can be recognized and our monitoring may be adjusted in accordance with them.

## IDENTIFICATION OF NEW SUBJECTS

17.   One of our stated and authorized purposes in conducting this investigation is to identify our Target Interceptees' co-conspirators, accomplices, agents or victims involved in the Target Offenses.  As the surveillance progresses, it is likely that you will be able to identify new subjects who function as co-conspirators, accomplices, agents, or victims in the  Target Offenses. As soon as any such individual is identified, the Supervising Agent and Supervising Attorney should be notified immediately.

## PRIVILEGED COMMUNICATIONS

18.   There are special restrictions relating to any communications which would fall under any legal privilege.  The general categories of privileged communications are discussed below.  If you determine that a conversation is privileged, stop intercepting immediately, but spot-monitor to see if the conversation remains privileged.  If you decide that a conversation is not privileged, treat it as a regular interception and apply the above minimization instructions.  If you mistakenly overhear a privileged conversation, you should notify the Supervising Agent and Supervising Attorney.  You should not pass on the content of the conversation, only pass on the circumstances of the mistaken interception.

a.   <u>Attorney-Client</u>

It is unknown at this time whether any of the subjects are currently being represented by an attorney.  If at any time during the investigation we learn the name of any attorney retained by any possible subject, these names are to be posted in a conspicuous place in the listening post.  Any time that it is determined

that an attorney is participating in an intercepted conversation over the **Target Telephones**, call the Supervising Agent and Supervising Attorney immediately. If the conversation involves legal consultation of any kind or any sort of discussion of legal strategy, immediately turn off the monitor and stop recording. However, do not summarize this conversation in the log and, again, you should only pass on the circumstances of the mistaken interception, not the content of the conversation. Rather, you should write the content of what you mistakenly overheard, not in the log, but on a separate piece of paper titled "Attorney Communication," and give this paper, in a sealed envelope, to the Supervising Agent who, in turn, is to give it to the Supervising Attorney.

    b.    <u>Parishioner-Clergyman</u>

All communications between a parishioner and his or her clergyman are to be considered privileged. We could not obtain an interception order to listen to a person confessing to a priest in a confessional booth; similarly, we must not intercept a subject discuss his or her personal, financial, or legal problems with his or her priest, minister, rabbi, <u>etc</u>. Thus, if such a communication is intercepted over the **Target Telephones**, turn off the monitor and stop recording. Then call the supervising agent and attorney. However unlikely, if the conversation reasonably leads you to conclude that the clergyman is acting as a co-conspirator or accomplice, the conversation is not privileged and may be monitored in full.

    c.    <u>Husband-Wife</u>

There is also a privilege concerning communications between spouses. You are to discontinue monitoring if you determine that you are intercepting a personal communication over the **Target Telephones** solely between a husband and wife. If it appears that a <u>third person</u> is present during the communication, however, the communication is not privileged. Also, if the communication does not deal with

private matters between a husband and wife, but instead with ongoing (as opposed to past) violations of law, it is not a privileged communication.

d.   Physician-Patient

Conversations between a physician and patient are to be considered privileged. You are to stop intercepting a communication once you determine that it is a communication between a physician and patient that arises out of their professional relationship.  Then notify the supervising agent and attorney.  Again, if you decide that the doctor is acting as a co-conspirator, or accomplice, the conversation is to be treated like any other intercepted communication.

e.   Psychiatrist-Patient

Conversations between a physician, psychiatrist, psychotherapist, psychologist, and even a social workers functioning in that capacity,  are to be considered privileged.

You are to stop intercepting a communication once you determine that it is a communication between a psychiatrist and patient that arises out of their professional relationship.  Then notify the supervising agent and attorney.  Again, if you decide that the psychiatrist is acting as a co-conspirator, or accomplice, the conversation is to be treated like any other intercepted communication.

f.   Other Relationships

No legal privilege exists with regard to communications between a subject and his or her lover, unless they are married.  Similarly, no legal privilege exists with regard to conversations between a subject and his or her children or relatives. Keep in mind, however, that our function is to intercept and record conversations related to illegal activities, not indiscriminately to invade the privacy of our

INSTRUCTIONS
UNDER SEAL

subjects and others.  In general, follow the spot-monitoring rules outlined above, if conversations of this type are intercepted.

## NON-PRIVILEGED COMMUNICATIONS

19.   Even if a communication does not fall within one of the privileged categories discussed above, that does not automatically mean that we have a right to listen to and record the entire communication.  We have authority to intercept only those communications which pertain to the Target Offenses of the named Interceptees and their unknown associates.  Always remember that eventually a court may have to decide whether we executed the interception Order in the manner specified by the Order.  The standard which a Court is likely to apply in determining whether the interception was properly carried out is simple:  Did the agents make a good faith effort to comply with the restrictions and requirements of the wiretap Order?

> ". . . a court should not admit evidence derived from an electronic surveillance order unless, after reviewing the conduct of the monitoring agents, it is left with the conviction that on the whole the agents have shown high regard for the right of privacy and have done all they reasonably could to avoid unnecessary intrusion."
> *United States v. Tortorello*, 480 F.2d 764, 784 (2d Cir. 1973).

> ". . . the monitoring agent and thereafter the reviewing court must consider many factors, including the precise relationship of the parties, the length of the relationship, the number of [conversations] between the parties, the state of the investigation, activities, at the time, of the alleged conspirator who is a party to the conversation, and the content of the conversations to determine the appropriate degree of minimization."
> *United States v. Falcone*, 364 F. Supp. 877, 884 (D.N.J. 1973)

20.   You must be alert to the possibility that you may intercept conversations in which defendants in ongoing criminal prosecutions are discussing the facts of their cases.  You are only entitled to intercept conversations about ongoing criminal cases if they are pertinent to ongoing criminal activity (i.e., criminal conversations) and non-privileged -- just as you may intercept any other pertinent, non-privileged conversation.  You are not to monitor and record any discussion concerning a legal defense or strategy that may be discussed by a subject or other interceptee.

21.     However, you should also realize that we must be very careful how we use any information which we obtain from such conversation.  Specifically, such information may not be used against a particular defendant in his pending criminal case either directly (as evidence) or indirectly (as leads to obtain evidence).  None of the subjects are currently under federal indictment; however, should you intercept a conversation in which a defendant is discussing the facts of a pending criminal case, call the Supervising Agent and Supervising Attorney and advise them of the nature and substance of the conversation.  Do not, under any circumstances, communicate the substance of the conversation to any prosecutor, agent, police officer, or other government officer who has any connection with the prosecution or investigation of that defendant's pending criminal case.

## SEALING

22.     You should be aware that the federal statutes which empower District Courts to issue interception orders also place upon us the obligation to record intercepted conversations in a manner that will protect the recordings from editing or other alterations.  It is our responsibility to make available to the judge who issues the interception order all of the recordings of the intercepted conversations which are then to be placed under judicial seal.  Failure to carry out these responsibilities may result in the suppression of the recordings as evidence.  The Supervising Agent has adopted procedures to preserve the chain of custody of the original recordings and to prepare accurate duplicates.  The Supervising Agent will instruct all monitoring agents according to those procedures.

## RECORD KEEPING

23.     Agents or monitors are to prepare abstracts or summaries of each conversation at the time of interception.  The abstracts or summaries are to be included in the monitoring logs/line sheets.  If the conversation was not entirely recorded, an appropriate notation should be made indicating the incomplete nature of the conversation (e.g., interception discontinued) and why the full communication was not intercepted (e.g., non-pertinent or privileged).  Where the exact words used by the participants are important, a transcript of that portion of the conversation

should be prepared as soon as possible thereafter and delivered to the Supervising Agent shortly thereafter.

24.     The line sheets/logs are to be a reflection of all activity occurring at the listening post which concerns the intercepted conversations, as well as the equipment itself (e.g., malfunction of recorder, no overheard conversations). You will ultimately use these logs to explain actions you took with respect to particular communications. Therefore, it is vitally important that you describe/identify:

         a.     the parties of each conversation (name or UM, UF, etc.);

         b.     the beginning and ending time of any conversations (in order to avoid confusion regarding "A.M." and "P.M.", please use "military time" - that is, a continuous 24-hour period of time ranging from 0000 to 2400);

         e.     whether or not the conversation is pertinent; and

         f.     if the conversation is not pertinent, indicate whether or not it was minimized and whether spot-monitoring used.

         g.     In the area reserved for "synopsis":

             (i)     if a conversation is privileged, indicate the basis for your determination and type of privileged involved.

             (ii)    provide summary of conversation (e.g., discussed cocaine delivery, talked about price and place of delivery). If only part of the conversation was monitored, indicate why this was done. If you can identify the speakers by name, please do so. If you believe you know the identify of the speakers, but are not positive, write the name followed by a question mark.

## LENGTH OF INTERCEPTION

26.     The Court authorized the interception of wire communications over the **Target Telephones** for a period of 30 days. The Court's Order is expected to be signed today, November 13, 2012, and interception is anticipated to start tomorrow, November 14, 2012. If

interception indeed begins on November 14, 2012, then interception must end on December 14, 2012. If interception does not begin on November 14, 2012, the ending date will be recalculated. In any event, no communications should be intercepted after the 30 day period without a renewal and extension of the Court's Order.

## QUESTIONS

27.     If anything appears to be developing suddenly, or if a critical question arises, please call me, AUSA William Frentzen at ▮▮▮▮▮▮ (desk) or ▮▮▮▮▮▮ (mobile). You may also call AUSA S. Waqar Hasib, at ▮▮▮▮▮▮ (desk) or ▮▮▮▮▮▮ (mobile), or AUSA Susan Badger at ▮▮▮▮▮▮ or ▮▮▮▮▮▮ (mobile). These numbers will be posted in the wire room. Do not hesitate to call any of us at any time of the day or night.

DATED: November 13, 2012

MELINDA HAAG
United States Attorney

WILLIAM FRENTZEN
Assistant United States Attorney

INSTRUCTIONS
UNDER SEAL

# EXHIBIT 22

# (To be filed under seal)

Government's Exhibit

MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys
450 Golden Gate Ave., Box 36055
San Francisco, California 94102
Telephone: (415) 436-7200
Fax: (415) 436-6753
E-Mail:      william.frentzen@usdoj.gov
             susan.badger@usdoj.gov
             waqar.hasib@usdoj.gov

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS ON CELLULAR TELEPHONES ███████, AND THE OBTAINING OF GPS PRECISE LOCATION INFORMATION FOR THE SAME TELEPHONES | No. <br><br> UNITED STATES' INSTRUCTIONS <br><br> **FILED UNDER SEAL** |

1   <u>TO ALL SPECIAL AGENTS</u>, law enforcement officers, and other personnel under the

2   supervision of law enforcement personnel who are participating in the monitoring of the

3   conversations involving the interception of wire communications over the following telephone

4   (hereafter the "**Target Telephone**"):

5   **Target Telephone 1**
    Suspected primary user:      Keith JACKSON

6   Call Number:
    IMSI/IMEI:

7   Provider:                    T-Mobile
    Subscriber:

8

9                                San Francisco, CA 94109

10       The anticipated authorization for interception is for certain wire communications over the

11  **Target Telephones** involving the following persons:

12  Keith JACKSON ("JACKSON")

13

14  California State Senator Leland YEE ("YEE")

15

16

17

18

19  Brandon JACKSON ("Brandon JACKSON")

20  Marlon SULLIVAN ("SULLIVAN")

21  Kwok Cheung CHOW, a/k/a Raymond Chow, a/k/a Shrimp Boy, a/k/a Ha Jai ("CHOW")

22

23

24

25

26

27

28

INSTRUCTIONS
<u>UNDER SEAL</u>

1   and others whose identities are presently unknown (collectively, the "Target Interceptees"), for a

2   thirty (30) day period, pursuant to 18 U.S.C. § 2518.

### INTRODUCTION

1.   Before participating in any interception, you must

    a.   attend the minimization meeting on February 8, 2013, or listen to the recording of the instructions given at that meeting,

    b.   carefully read the Application, Affidavit, and Court Order that are expected to be signed by the Court today, February 8, 2013, authorizing the interception of wire communications;

    c.   carefully read these Instructions; and

    d.   after completing the above steps (a-c), **but before you begin monitoring**, sign the attached certification.

A copy of the signed Application, Affidavit, Order, and Instructions will be posted in the wire room at all times during the operation of the surveillance. No one should be in the wire room without completing this certification. Moreover, only individuals involved in this wiretap should be listening to conversations taking place over the **Target Telephone** as it is being monitored. Finally, information received from this wiretap should not be disclosed to anyone outside of this investigation.

2.   Your task is to carry out the Court's Order, intercepting only those conversations and activities that are specifically designated, while minimizing the interception of non-pertinent or privileged communications and activities.

3.   The law makes no distinction between intercepting, listening to, overhearing, or monitoring (hereinafter "intercepting") a conversation. Courts generally regard intercepting wire communications through the use of electronic surveillance like any other search warrant: it authorizes a limited search and a limited seizure of evidence. Any intercepted conversation, whether or not it is recorded or otherwise preserved, is "seized" and subject to the limitations of the Court's Order.

INSTRUCTIONS
UNDER SEAL

4.    The Court's Order will not allow you to freely intercept and listen to every communication carried on over the **Target Telephone**. Minimization requires that the agents make a good faith determination of whether any conversation is relevant to those illegal activities described below. If you listened to every conversation occurring over the **Target Telephone**, the fruits of your investigation could be suppressed unless all the conversations were pertinent and were not privileged.

5.    Anytime a conversation or any part thereof is monitored, it must be recorded. To ensure that the Court can later review exactly what was intercepted, where and when minimization took place, and whether or not the monitoring was conducted in accordance with its Order, the interception equipment has been wired in such a way as to interconnect the recording and monitoring functions. You will not be able to monitor any communication without it being automatically and simultaneously recorded. Conversely, you will not be able to record any communication without it being automatically and simultaneously monitored. A single switch will activate both interception and recording so that when you tie into a telephone line to monitor a communication, you will have also activated the recorder. When you shut off the switch to end your interception, the recording will cease at the same time. If for some reason we must use machines that have a separate monitor switch, such switch is not to be activated unless the machine is recording.

6.    We have to be able to demonstrate that we neither listened to nor recorded communications that we had no right to intercept. The original recording is our evidence of this. For this reason, **no machine is to be left unattended or on automatic**.

7.    However, if at any time a machine malfunctions or it becomes necessary to install another CD while conversations are being intercepted, monitoring is permissible while the situation is being remedied. Be certain to report any overheard or overseen but non-recorded conversations in the interception log as accurately as possible, and to note the time, duration, and nature of the malfunction or other reason for non-recording. Also, immediately inform the Supervising Agent and the Supervising Attorney about the situation. In this case, your notes will serve the function of the recording and must be carefully preserved.

## COMMUNICATIONS WHICH MAY BE MONITORED

8.     We have obtained authority from the Court to intercept certain wire communications of the Target Interceptees which occur over the **Target Telephone**.  The communications we are authorized to intercept are those that relate to the following offenses (hereinafter the "Target Offenses"):

(a)     mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343, and 1346;

(b)     money laundering, in violation of Title 18, United States Code, Section 1956;

(c)     violations of the Travel Act, in violation of Title 18, United States Code, Section 1952;

(d)     conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846;

(e)     distribution of controlled substances, in violation of Title 21, United States Code, Section 841;

(f)     use of communication facility to commit or facilitate narcotics offense, in violation of Title 21, United States Code, Section 843(b); and

(g)     unlawful engaging in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1).

We are permitted by the Court's Order to intercept these wire communications to achieve the goals of this investigation.  These goals are as follows, to identify:

(i) the nature, extent and methods of operation of all of the Target Subjects' scheme to commit the Target Offenses;

(ii) the identity of all of the Target Subjects' accomplices, aiders and abettors, co-conspirators and participants in their commission of the Target Offenses;

(iii) the receipt and distribution of all contraband and money involved in the Target Offenses;

(iv) the locations and items used in furtherance of the Target Offenses;

(v) the existence and locations of all records relating to the Target Offenses;

(vi) the location and source of all resources used to finance the Target Offenses; and

(vii) the location and disposition of all of the proceeds from the Target Offenses.

9.      You should listen to the beginning of each conversation for as long as, and only for as long as, it is necessary for you to determine if one of the persons named above is a participant and the conversation is pertinent to the subjects and activities targeted by the Court Order, but in any case, usually no longer than a few minutes unless the conversation is pertinent, that is, the conversation is within the scope of our authorization and not privileged. Title 18, United States Code, Section 2518(5) requires that interception be done "in such a way as to minimize the interception of communications not otherwise subject to interception." If you determine that the conversation is not a criminal conversation, or is privileged, stop monitoring and begin minimization. If you determine that the communication is pertinent, you will continue the interception.

## MINIMIZATION / SPOT-MONITORING

10.     If you determine during the initial few minutes that a conversation does not fall within the categories specified in the Order, that is, it is not pertinent, or that the conversation falls within one of the privileges discussed below, the recording and listening devices must be turned off.

11.     However, it is possible that some time after the machine is turned off, the conversation will regard the illegal activities listed herein, or that the conversation will cease being of a privileged nature. To guard against missing a pertinent conversation, spot monitor, that is, check by activating the monitor and record switch periodically to determine if the nature of the conversation has changed so that it has become pertinent. Listen, observe, and record for a brief period, only as long as is necessary to determine whether the conversation has become pertinent. This procedure of spot-monitoring may be continued throughout the conversation, but should be kept to the minimum necessary to ascertain whether the conversation has changed. If, during this brief period of spot-monitoring a pertinent conversation is intercepted, keep listening and recording. If a non-pertinent or privileged conversation is intercepted, turn off the machine.

1   You must record the conversations which are overheard even during the brief periods of

2   interception that occur during the spot monitoring.

3        12.    Continue the spot monitoring as the circumstances dictate.  In determining

4   whether and when to continue spot interceptions, use your best judgment and the circumstances

5   known to you, such as the identity of the parties to the conversation, the nature of their

6   relationship and past conduct, the presence of any code words, their known current activity, etc.

7   Here are some guidelines to help you do this.

8        a.    <u>Patterns of Innocence</u>:

9   If after several days of interception, we have consistently found that

10   communications involving a Target Interceptee and a particular person are

11   innocent, non-pertinent, or non-crime related, then a pattern of innocence

12   exists and such conversations should be minimized once the parties are

13   identified but such conversations should also occasionally be spot-

14   monitored as described above.

15        b.    <u>Patterns of Involvement</u>:

16   On the other hand, if one or more of the parties to a conversation has been,

17   through the course of the investigation, identified as a co-conspirator,

18   accomplice, agent, or victim of the Target Interceptees or criminal

19   activities, and the communication is not privileged, a pattern of

20   involvement in the illegal activity is established.  Once the pattern of

involvement has been set, you should let the supervising agent or attorney

know, and have them review the need for minimization when the involved

party has been identified as a participant to any conversation.

21        With respect to electronic communications in particular (i.e. text messages), all

22   monitoring of electronic communications will be conducted in accordance with Chapter 119 of

23   Title 18, United States Code. Each text message will be reviewed over a secure system, and

24   based on the identities of the sender and recipient and the content of the message, monitoring

25   personnel will determine as soon as practicable after interception whether the text message

26   appears to be relevant to the investigation or otherwise criminal in nature. If the message is not

27   criminal in nature, the message will be marked "minimized" and not accessed by other members

28

1  of the investigative team. If the message appears to be privileged, it will be marked "privileged"

2  and secured from access by other members of the investigative team. If a text message appears to

3  be relevant to the investigation or otherwise criminal in nature, it will be marked

4  "non-minimized" and may be shared with the other agents and monitors involved in the

5  investigation. If a text message is marked "minimized" or "privileged," it will not be

6  disseminated to members of the investigative team. All intercepted text messages will be sealed

7  with the court upon the expiration of the court's order authorizing the interception.  It is

8  anticipated that the monitoring location will not be staffed at all times, but will be staffed at

9  regular hours, at which time intercepted communications will be monitored and read (including

10 those intercepted at hours when the location was not staffed). However, even when unmanned,

11 the monitoring location will be kept secured with access limited to only authorized monitoring

12 personnel and their supervising agents.

## COMMUNICATIONS  IN FOREIGN LANGUAGES

13.     We believe that some of the communications you monitor may be in a foreign

language.  When communications in a foreign language are intercepted, we are under exactly the

same obligation concerning minimization regardless of whether or not a particular government

agent speaks or understands the language being used.  If you determine that the communication is

in a language in which you are not fluent, immediately notify the supervising agent.

14.     Because it appears that conversations in Cantonese may be intercepted, efforts

have been made to obtain Cantonese-speaking monitors to assist in the surveillance.  If a

Cantonese translator is reasonably unavailable to minimize communications on the spot, all such

conversations should be intercepted and recorded in their entirety.  These conversations must

then be minimized as soon as practicable by a translator.  Specific instructions are contained in

both the Application and the Court Order.

## EVIDENCE OF OTHER CRIMES

15.     We do not have authorization to intercept communications concerning the

commission or planning of crimes other than those defined above as illegal activities.  Our

1   authorization is limited to the interception of conversations between our named Target

2   Interceptees and co-conspirators, accomplices, agents, or victims, concerning the illegal activities

3   defined above.  In the event, however, that while you are listening to a pertinent conversation or

4   attempting to determine whether a given conversation is pertinent, you intercept a conversation

5   involving another serious crime – for example, assault, robbery, homicide, or hijacking – listen to

6   and record that conversation.  It is similar to the "plain view" doctrine which applies in the

7   execution of search warrants.  If you do monitor such a conversation, notify the Supervising

8   Agent and Supervising Attorney immediately.

## CONVERSATIONS IN WHICH OUR NAMED
## INTERCEPTEES ARE NOT PARTICIPANTS

11          16.      No interception is to be conducted unless it is determined through video

12   surveillance, physical surveillance, voice identification, or otherwise that at least one of the

13   named Target Interceptees or any of their co-conspirators, once identified, are a party to the

14   conversation for which authorization has been obtained.  We have authority to intercept pertinent

15   conversations in which our Target Interceptees are not participants because we do not know and

16   have not identified all the people who use in connection with the illegal activities.  For example,

17   if Keith JACKSON and Senator Leland YEE are overheard stating that a third person paying a

18   bribe will be calling over a **Target Telephone** in a moment, and they plan to hand the **Target**

19   **Telphone** to a new individual who will assist in funneling the bribe to Senator YEE's accounts,

20   and then the two new individuals begin a conversation over the **Target Telephone** while

21   JACKSON and Senator YEE no longer participate in the conversation, you are authorized to

22   continue to monitor the conversation of the now identified co-conspirators.  However, you are to

23   notify the Supervising Agent and Supervising Attorney so that appropriate modifications can be

24   made in the applications and orders.  You must be extremely careful, however, when intercepting

25   conversations in which a named Target Interceptee is not a participant, to avoid intercepting

26   non-pertinent conversations.  It is important that you attempt to identify the named interceptees

27   of this interception and, as well, to identify other individuals who may use the **Target**

28

1   Telephones so that the patterns of innocence and involvement mentioned earlier can be

2   recognized and our monitoring may be adjusted in accordance with them.

3                           IDENTIFICATION OF NEW SUBJECTS

4        17.    One of our stated and authorized purposes in conducting this investigation is to

5   identify our Target Interceptees' co-conspirators, accomplices, agents or victims involved in the

6   Target Offenses.  As the surveillance progresses, it is likely that you will be able to identify new

7   subjects who function as co-conspirators, accomplices, agents, or victims in the  Target Offenses.

8   As soon as any such individual is identified, the Supervising Agent and Supervising Attorney

9   should be notified immediately.

10                           PRIVILEGED COMMUNICATIONS

11       18.    There are special restrictions relating to any communications which would fall

12  under any legal privilege.  The general categories of privileged communications are discussed

13  below.  If you determine that a conversation is privileged, stop intercepting immediately, but

14  spot-monitor to see if the conversation remains privileged.  If you decide that a conversation is

15  not privileged, treat it as a regular interception and apply the above minimization instructions.  If

16  you mistakenly overhear a privileged conversation, you should notify the Supervising Agent and

17  Supervising Attorney.  You should not pass on the content of the conversation, only pass on the

18  circumstances of the mistaken interception.

19       a.    Attorney-Client

20            It is unknown at this time whether any of the subjects are currently being

21            represented by an attorney.  If at any time during the investigation we learn the

22            name of any attorney retained by any possible subject, these names are to be

23            posted in a conspicuous place in the listening post.  Any time that it is determined

24            that an attorney is participating in an intercepted conversation over the **Target**

25            **Telephone**, call the Supervising Agent and Supervising Attorney immediately.  If

26            the conversation involves legal consultation of any kind or any sort of discussion

27            of legal strategy, immediately turn off the monitor and stop recording.  However,

28            do not summarize this conversation in the log and, again, you should only pass on

INSTRUCTIONS
UNDER SEAL

the circumstances of the mistaken interception, not the content of the conversation. Rather, you should write the content of what you mistakenly overheard, not in the log, but on a separate piece of paper titled "Attorney Communication," and give this paper, in a sealed envelope, to the Supervising Agent who, in turn, is to give it to the Supervising Attorney.

b.    <u>Parishioner-Clergyman</u>

All communications between a parishioner and his or her clergyman are to be considered privileged. We could not obtain an interception order to listen to a person confessing to a priest in a confessional booth; similarly, we must not intercept a subject discuss his or her personal, financial, or legal problems with his or her priest, minister, rabbi, <u>etc</u>. Thus, if such a communication is intercepted over the **Target Telephone**, turn off the monitor and stop recording. Then call the supervising agent and attorney. However unlikely, if the conversation reasonably leads you to conclude that the clergyman is acting as a co-conspirator or accomplice, the conversation is not privileged and may be monitored in full.

c.    <u>Husband-Wife</u>

There is also a privilege concerning communications between spouses. You are to discontinue monitoring if you determine that you are intercepting a personal communication over the **Target Telephone** solely between a husband and wife. If it appears that a <u>third person</u> is present during the communication, however, the communication is not privileged. Also, if the communication does not deal with private matters between a husband and wife, but instead with ongoing (as opposed to past) violations of law, it is not a privileged communication.

d.    <u>Physician-Patient</u>

Conversations between a physician and patient are to be considered privileged.

You are to stop intercepting a communication once you determine that it is a communication between a physician and patient that arises out of their professional relationship.  Then notify the supervising agent and attorney.  Again, if you decide that the doctor is acting as a co-conspirator, or accomplice, the conversation is to be treated like any other intercepted communication.

e.    <u>Psychiatrist-Patient</u>

Conversations between a physician, psychiatrist, psychotherapist, psychologist, and even a social workers functioning in that capacity,  are to be considered privileged.

You are to stop intercepting a communication once you determine that it is a communication between a psychiatrist and patient that arises out of their professional relationship.  Then notify the supervising agent and attorney.  Again, if you decide that the psychiatrist is acting as a co-conspirator, or accomplice, the conversation is to be treated like any other intercepted communication.

f.    <u>Other Relationships</u>

No legal privilege exists with regard to communications between a subject and his or her lover, unless they are married.  Similarly, no legal privilege exists with regard to conversations between a subject and his or her children or relatives.  Keep in mind, however, that our function is to intercept and record conversations related to illegal activities, not indiscriminately to invade the privacy of our subjects and others.  In general, follow the spot-monitoring rules outlined above, if conversations of this type are intercepted.

## NON-PRIVILEGED COMMUNICATIONS

19.    Even if a communication does not fall within one of the privileged categories

1  discussed above, that does not automatically mean that we have a right to listen to and record the

2  entire communication.  We have authority to intercept only those communications which pertain

3  to the Target Offenses of the named Interceptees and their unknown associates.  Always

4  remember that eventually a court may have to decide whether we executed the interception Order

5  in the manner specified by the Order.  The standard which a Court is likely to apply in

6  determining whether the interception was properly carried out is simple:  Did the agents make a

7  good faith effort to comply with the restrictions and requirements of the wiretap Order?

8       ". . . a court should not admit evidence derived from an electronic
        surveillance order unless, after reviewing the conduct of the
9       monitoring agents, it is left with the conviction that on the whole
        the agents have shown high regard for the right of privacy and have
10      done all they reasonably could to avoid unnecessary intrusion."
            *United States v. Tortorello*, 480 F.2d 764, 784 (2d Cir. 1973).

11

12      ". . . the monitoring agent and thereafter the reviewing court must
        consider many factors, including the precise relationship of the
13      parties, the length of the relationship, the number of
        [conversations] between the parties, the state of the investigation,
14      activities, at the time, of the alleged conspirator who is a party to
        the conversation, and the content of the conversations to determine
15      the appropriate degree of minimization."
            *United States v. Falcone*, 364 F. Supp. 877, 884 (D.N.J. 1973)

16

17      20.    You must be alert to the possibility that you may intercept conversations in which

18  defendants in ongoing criminal prosecutions are discussing the facts of their cases.  You are only

19  entitled to intercept conversations about ongoing criminal cases if they are pertinent to ongoing

20  criminal activity (i.e., criminal conversations) and non-privileged – just as you may intercept any

21  other pertinent, non-privileged conversation.  You are not to monitor and record any discussion

22  concerning a legal defense or strategy that may be discussed by a subject or other interceptee.

23      21.    However, you should also realize that we must be very careful how we use any

24  information which we obtain from such conversation.  Specifically, such information may not be

25  used against a particular defendant in his pending criminal case either directly (as evidence) or

26  indirectly (as leads to obtain evidence).  None of the subjects are currently under federal

27  indictment; however, should you intercept a conversation in which a defendant is discussing the

28  facts of a pending criminal case, call the Supervising Agent and Supervising Attorney and advise

1    them of the nature and substance of the conversation.  Do not, under any circumstances,

2    communicate the substance of the conversation to any prosecutor, agent, police officer, or other

3    government officer who has any connection with the prosecution or investigation of that

4    defendant's pending criminal case.

5                                   **SEALING**

6       22.    You should be aware that the federal statutes which empower District Courts to

7    issue interception orders also place upon us the obligation to record intercepted conversations in

8    a manner that will protect the recordings from editing or other alterations.  It is our responsibility

9    to make available to the judge who issues the interception order all of the recordings of the

10   intercepted conversations which are then to be placed under judicial seal.  Failure to carry out

11   these responsibilities may result in the suppression of the recordings as evidence.  The

12   Supervising Agent has adopted procedures to preserve the chain of custody of the original

13   recordings and to prepare accurate duplicates.  The Supervising Agent will instruct all

14   monitoring agents according to those procedures.

15                          **RECORD KEEPING**

16       23.    Agents or monitors are to prepare abstracts or summaries of each conversation at

17   the time of interception.  The abstracts or summaries are to be included in the monitoring

18   logs/line sheets.  If the conversation was not entirely recorded, an appropriate notation should be

19   made indicating the incomplete nature of the conversation (e.g., interception discontinued) and

20   why the full communication was not intercepted (e.g., non-pertinent or privileged).  Where the

21   exact words used by the participants are important, a transcript of that portion of the conversation

22   should be prepared as soon as possible thereafter and delivered to the Supervising Agent shortly

23   thereafter.

24       24.    The line sheets/logs are to be a reflection of all activity occurring at the listening

25   post which concerns the intercepted conversations, as well as the equipment itself (e.g.,

26   malfunction of recorder, no overheard conversations).  You will ultimately use these logs to

27   explain actions you took with respect to particular communications.  Therefore, it is vitally

28   important that you describe/identify:

a.  the parties of each conversation (name or UM, UF, etc.);

b.  the beginning and ending time of any conversations (in order to avoid confusion regarding "A.M." and "P.M.", please use "military time" - that is, a continuous 24-hour period of time ranging from 0000 to 2400);

e.  whether or not the conversation is pertinent; and

f.  if the conversation is not pertinent, indicate whether or not it was minimized and whether spot-monitoring used.

g.  In the area reserved for "synopsis":

(i)  if a conversation is privileged, indicate the basis for your determination and type of privileged involved.

(ii)  provide summary of conversation (e.g., discussed cocaine delivery, talked about price and place of delivery). If only part of the conversation was monitored, indicate why this was done. If you can identify the speakers by name, please do so. If you believe you know the identify of the speakers, but are not positive, write the name followed by a question mark.

## LENGTH OF INTERCEPTION

26.  The Court authorized the interception of wire communications over the **Target Telephone** for a period of 30 days. The Court's Order is expected to be signed today, November 13, 2012, and interception is anticipated to start tomorrow, November 14, 2012. If interception indeed begins on November 14, 2012, then interception must end on December 14, 2012. If interception does not begin on November 14, 2012, the ending date will be recalculated. In any event, no communications should be intercepted after the 30 day period without a renewal and extension of the Court's Order.

## QUESTIONS

27.  If anything appears to be developing suddenly, or if a critical question arises,

1  please call me, AUSA William Frentzen at ███████ (desk) or ███████ (mobile).

2  You may also call AUSA S. Waqar Hasib, at ███████ (desk) or ███████ (mobile),

3  or AUSA Susan Badger at ███████ or ███████ (mobile).  These numbers

4  will be posted in the wire room.  Do not hesitate to call any of us at any time of the day or night.

5

6  DATED: February 8, 2013

7                                         MELINDA HAAG
                                          United States Attorney
8

9                                         WILLIAM FRENTZEN
                                          Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTIONS
UNDER SEAL