# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 14-0196 CRB |
| ) | |
| Plaintiff, ) | [PROPOSED] ORDER |
| ) | |
| v. ) | |
| ) | SAN FRANCISCO VENUE |
| KWOK CHEUNG CHOW, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

CHARLES R. BREYER, *District Judge*:

This matter is before the Court on the Government's Classified In Camera, Ex Parte, Under Seal Motion for an Order Pursuant To Section 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d)(1) (hereinafter "government's motion"). By its motion, the government requested that the Court, pursuant to CIPA § 4, Fed. R. Crim. P. 16(d)(1), and the applicable law: (1) conduct an in camera and ex parte review of the government's motion, related memorandum of points and authorities, and the accompanying declaration/exhibit; (2) authorize the government to withhold from discovery certain classified information, namely, information that could reasonably be expected to reveal the true identities of two undercover employees; and (3) order that the entire text of the government's motion, memorandum of points and authorities, and the accompanying

1  declaration/exhibit, shall not be disclosed to the defense and shall be sealed and preserved in the records
2  of the Court to be made available for all future review of these proceedings.

3  (U)  The Court has considered the government's motion, its memorandum of law in support of
4  the motion, and the declaration/exhibit filed therewith.  Based on its consideration, the Court GRANTS
5  the government's motion in its entirety.

6  (U)  The Court finds that the government's motion was properly filed ex parte, in camera, and
7  under seal for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1).  The Court has
8  conducted an ex parte, in camera review of the government's motion, memorandum of points and
9  authorities, and the declaration/exhibit, attached to or filed in conjunction with the government's motion.

10  (U)  On the basis of the Court's independent review of the information and the arguments set
11  forth in the government's motion and related documents, the Court finds that the classified information
12  referenced in the government's motion implicates the government's national security and classified
13  information privilege because the information is properly classified, extremely sensitive, and its
14  disclosure could cause serious damage to the national security of the United States.  Furthermore, the
15  Court finds that withholding the classified information at issue, namely the UCEs' true identity
16  information, will not deny the defendants their rights under the Confrontation Clause of the Sixth
17  Amendment to conduct cross-examination should any of the referenced UCEs testify at any trial in this
18  case.

19  (U)  Additionally, the Court finds that the government has met the "relevant and helpful"
20  standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867
21  F.2d 617 (D.C. Cir. 1989), as it applies to the discoverability of classified information where, as here,
22  the government has properly invoked the national security and classified information privilege.  To this
23  end, the Court finds that in applying the *Roviaro*/*Yunis* standard, the classified information referenced in
24  the government's motion is not relevant and helpful to the defense.

25  (U)  In addition, for the reasons set forth in the government's motion and related documents, the
26  government has shown "good cause" for why this material should be deleted from discovery.  See Fed.
27  R. Crim. P. 16(d)(1).

28

[PROPOSED] ORDER
CR 14-0196 CRB                                              2

1 (U) Accordingly, IT IS ORDERED that the government is authorized to withhold from discovery to the defense the classified information at issue, specifically, information that could reasonably be expected to reveal the true identities of undercover agents.

(U) IT IS FURTHER ORDERED that the entire text of the government's motion, memorandum of points and authorities, and the accompanying declaration/exhibit, shall not be disclosed to the defense, and shall be sealed and maintained in a facility for the storage of such classified information by the Court Security officer as the designee of the clerk of the Court, in accordance with established security procedures, for any future review, until further order of this Court.

_____, 2015

_____
HONORABLE CHARLES R. BREYER
United States District Court Judge
Northern District of California